## REED *v.* REED and others.

(*Circuit Court, N. D. Ohio, E. D.* 1887.)

1. **REMOVAL OF CAUSES—ORIGINAL JURISDICTION.**

     The circuit courts of the United States, sitting in Ohio, have no jurisdiction to try a controversy brought under the statutes of that state to contest the validity of a will by an original bill for that purpose; and, as under the act of congress of March 3, 1887, no cause can be removed from a state court to the United States circuit court, unless the circuit court would have had original jurisdiction of the controversy involved in the case, such a controversy is not, under that act, a proper subject for removal.

2. **SAME—SEPARABLE CONTROVERSY.**

     Under Rev. St. Ohio, § 5859, providing that "all the devisees, legatees, and heirs of the testators, and other interested persons, including the executor or administrator, must be parties" to a proceeding to contest the validity of a will, where the contestant is a resident of Ohio, and of the three defendants two are also residents of that state, and the third of New York, there is no separable controversy, for the purposes of removal, between the contestant and such third defendant.

On Motion to Remand.

*John McSweeney, Day & Lynch,* and *F. L. Baldwin,* for complainants.

*Alonzo W. Taft,* and *Lloyd & Baldwin & Shields,* for respondents.

WELKER, J. The case was commenced by Franklin A. Reed, in the court of common pleas of Stark county, Ohio, to contest the validity of the will of Gustavus P. Reed, deceased, before that time probated in the probate court of said Stark county, alleging that he was the sole heir at law of said Gustavus P. Reed, deceased; that Harriet A. Butler Reed and Adeline E. Reed are named as several legatees and devisees in said supposed will; that James H. Hunt was administrator with will annexed of said Reed, deceased; and alleging that the said paper writing was not the last will and testament of said Gustavus P. Reed; and prays that an issue be made as to whether said paper writing is the last will and testament of said Reed. Answers and cross-bills were filed by Harriet A. Butler Reed and Adeline E. Reed. Petition filed on the twenty-fourth day of March, 1887, for removal by said Harriet A. Butler Reed, who says her name is Harriet A. Butler Reed, and wife of the said Gustavus P. Reed, and states she is a citizen and resident of the state of New York, and that all the other parties are citizens and residents of the state of Ohio, and that the matter in dispute in said suit exceeds the sum of $2,000, exclusive of costs. The record and papers were duly filed in this court, April 2, 1887. Motion filed by the said Franklin A. Reed and Adeline Reed to remand the case to the said common pleas court. As cause for said remanding, they allege (1) that the petition for removal was not filed within the time prescribed by the United States statute; (2) that the said cause is not a removable cause, within the provisions and meaning of the act of congress of third of March, 1887; (3) that the said circuit court has not original jurisdiction of the controversy, and it is not, therefore, removable; (4) that

the plaintiff, and the said James H. Hunt, administrator, and the said Adeline E. Reed, were, at the time of the filing of the petition in court of common pleas, and time of removal petition filed, citizens and residents of the state of Ohio; (5) that there is no separate controversy between the plaintiff and Harriet A. Butler Reed, as set out in the petition to remove; (6) that it does not appear that the matter in dispute exceeds the sum of $2,000, exclusive of interest and costs.

The petition in the state court was filed under the provisions of statutes of the state of Ohio, which are as follows:

Section 5858 of the Revised Statutes provides that "a person interested in a will or codicil, admitted to probate in the probate court, or court of common pleas on appeal, may contest the validity thereof in a civil action in the court of common pleas of the county in which the probate was had."

"Sec. 5859. All the devisees, legatees, and heirs of the testator, and other interested persons, including the executor or administrator, must be made parties to the action.

"Sec. 5860. Upon the filing of the petition, the clerk shall certify that fact to the probate court in which the will is recorded, and the probate judge shall proceed as provided in title two.

"Sec. 5861. An issue shall be made up, either in the pleadings or by an order on the journal, whether the writing produced is the last will or codicil of the testator or not, which shall be tried by a jury, the verdict shall be conclusive, and the court shall enter judgment thereon."

And the other sections provide as to the mode of conducting the trial and testimony to be used.

Section 5936, alluded to as "title two," provides that, "whenever the probate court shall receive from the clerk of the court of common pleas a certificate that a petition has been filed in the court of common pleas to contest the validity of any will, * * * the probate court shall forthwith transmit to the court of common pleas the will, testimony, and all the papers relating thereto, with a copy of the order of probate; * * * and a copy of the final judgment on such contest shall be certified by the clerk of the court of common pleas to the probate court, and the said clerk shall transmit to the probate court the will and other papers transmitted as aforesaid to the common pleas; and the same shall be deposited and remain in the probate court."

In the view taken of the questions raised on the motion to remand, it will only be necessary to consider the second and third grounds stated; that is, that this court has no original jurisdiction of the controversy involved in the case, and it is therefore not removable; and the fourth and fifth grounds, to-wit, residence of parties, and separate controversy.

The first section of the act of third of March, 1887, provides that "the circuit courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, * * * in which there shall be a controversy between citizens

of different states, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid." As to removal of cases from the state courts, section 2 of said act provides "that any suit of a civil nature, at law or in equity, of which the circuit courts of the United States are given jurisdiction by the preceding section, and which are now pending * * * in any state court, may be removed into the circuit court of the United States for the proper district by the defendant or defendants therein, being non-residents of the state."

It will be seen that, under this statute, no cause can be removed from a state court to the circuit court unless the circuit court would have had original jurisdiction of the controversy involved in the case. In this respect it is different from the act of the third of March, 1875, in which this restriction did not exist; so that under that act a class of cases, it had been decided by the courts, might be removed that could not have been originally brought in the circuit court. This clause was, no doubt, inserted to settle definitely that question.

One of the questions, then, to be settled on this motion, is, do the proceedings in the common pleas of Stark county, to contest the validity of the will of Reed, constitute a "suit of a civil nature, at common law or in equity?" The case sought to be removed seems to be proceedings under a special statute of the state of Ohio, and classed with special remedies under the statute, in which the whole proceedings are directed by the statute, and substantially make the common pleas court an appellate court, or an assistant to the probate court on the probate of wills and settlement of estates. The probate courts of the counties have the exclusive jurisdiction for the probate of wills. The probate therein generally is *ex parte*, without notice to others interested; and, to provide an adversary hearing of such probate, the statute provides that any person interested in a will may, at any time after probate so made *ex parte*, and within two years, file a petition in the court of common pleas to contest the validity of the will, and in that way review such probate. This proceeding in the court of common pleas is but the continuance of the controversy made in such contest, and in aid of the probate court in its exercise of probate powers.

The removal statute also provides that, in case of the proper removal to the circuit court, "the case shall then proceed in the same manner as if it had been originally commenced in said circuit court," thereby severing all connection between this court and the state court from which it had been removed. Now, such proceedings in the common pleas are required to be certified to the probate court, and the will recorded and executed in the probate court. This court, if it retained jurisdiction, has no such connection with, or relation to, the probate court, as to authorize it to require the probate court to certify the original will and the proofs to this court for trial, or to certify its decision with the return of the original will and proof to the probate court after trial here, and no power to enforce such orders.

This court surely has no such common-law powers, and the necessary judicial machinery has not been furnished by any legislation of the

United States to carry out the provision of the statute of the state of Ohio. If the contest of the will is tried in this court, the record of the case and the will would remain here, and the whole probate system of the state changed; and parties seeking for information in regard to wills be compelled to search the records of this court, as well as that of the probate court, to find the proceedings in reference to the probate of wills. It seems to me it was not the intention of congress to so invest this court with a jurisdiction that might produce these results.

This question of jurisdiction is not a new one in this court. At the April term, 1878, this court had the same question before it in the case of *Howe* v. *Nesbit*, (not reported,) and the court then decided, after full argument, (Judges BAXTER and WELKER sitting together,) that the court had no jurisdiction to try a controversy brought under the Ohio statute to contest the validity of a will, by an original bill filed for that purpose, and sustained a demurrer to such bill for want of such jurisdiction, and dismissed the case for that ground of demurrer. In that case the will had been probated in the probate court of Lorain county, and the petition was filed as the one in this case was filed, making the heirs at law of the testatrix defendants, and asking that the cause be submitted to a jury to determine whether the said instrument was the valid last will and testament of said Catharine Nesbit, and that the same might be declared null and void, etc. I see now, after a careful examination of the authorities cited by counsel in this case, no reason to change that ruling.

Several cases are cited of decisions of the supreme court of the United States, but none of them meet the precise question made in this case.

The case in 92 U. S. 10, (*Gaines* v. *Fuentes*,) does not meet the question. In that case suits had been brought to settle titles to lands, and the will sought to be set aside was claimed as muniment of title, and, as it had been properly probated, it could be disputed only by a suit to set aside the probate, and declare the will void; and the court decided that the circuit court had jurisdiction to set aside the will, where the parties were such as gave it jurisdiction, but intimates want of such jurisdiction for purposes of establishing a will.

In the case of *Ellis* v. *Davis*, 109 U. S. 485, 3 Sup. Ct. Rep. 327, it was held "that circuit courts, as courts of equity, have no general jurisdiction for annulling or affirming the probate of a will;" "that jurisdiction as to wills, or their probate as such, is neither included in nor excepted out of the grant of judicial power to the courts of the United States. So far as it is *ex parte*, and merely administrative, it is not conferred; and it cannot be exercised by them at all until, in a case at law or in equity, its exercise becomes necessary to settle a controversy of which a court of the United States may take cognizance by reason of the citizenship of the parties."

In *Re Estate of Fraser*, 10 Chi. Leg. N. 390, in the Eastern district of Michigan, Justice SWAYNE, on a motion to remand to the circuit court of that state in a case appealed to it from the probate court in proceedings to probate a will, says:

"A federal court has no jurisdiction in cases of proceedings to establish a will. In *Gaines* v. *Fuentes*, 92 U. S. 10, the supreme court said: 'There are, it is true, in several of the decisions of this court, expressions of opinion that federal courts have no probate jurisdiction, referring particularly to the establishment of wills; and such undoubtedly is the case under the existing legislation of congress.' By this ruling I am bound, and it is conclusive of this case. See, also, *Case of Broderick's Will*, 21 Wall. 504; *Du Vivier* v. *Hopkins*, 116 Mass. 125; *Yonley* v. *Lavender*, 21 Wall. 276; *Tarver* v. *Tarver*, 9 Pet. 174; *Ward* v. *Peck*, 18 How. 270; *Adams* v. *Preston*, 22 How. 473, 478."

As to the third and fourth grounds to remand,—that is, that co-defendants of Harriet A. Butler Reed are citizens of the same state as the plaintiff, Franklin A. Reed, and that the controversy of Mrs. Butler Reed is not wholly between citizens of different states, and which can be fully determined between them,—the record shows that Franklin A. Reed, the plaintiff, is a citizen of Ohio, and that Adeline E. Reed, a legatee, and James H. Hunt, administrator of Gustavus P. Reed, defendants with Mrs. Butler Reed, are citizens of the state of Ohio, and same state of the plaintiff. If Hunt, administrator, and Adeline Reed, are necessary parties, and not merely nominal, then the act of March 3, 1887, does not allow one defendant to remove who may be a citizen of another state, because then the controversy cannot be fully determined between Harriet A. Butler Reed, as between her and the plaintiff.

The state statute provides that "all the devisees, legatees, and heirs of the testator, and other interested persons, including the executor or administrator, must be made parties to the action."

Parties required by the statute to be made can hardly be said to be merely nominal ones, but must be regarded as necessary parties. If such necessary parties, then one of them, Harriet A. Butler Reed, cannot have a separate controversy with the plaintiff, and wholly between her and the plaintiff, which can be fully determined without the presence of the other parties, as required to be shown to entitle her, as one of the several defendants, to a removal of the case.

On both grounds, then, the motion to remand will be sustained, and the case remanded to the common pleas of Stark county.