## STALKER v. PULLMAN'S PALACE-CAR CO.

(Circuit Court, S. D. California. May 1, 1895.)

REMOVAL OF CAUSES—NONRESIDENT DEFENDANT—JURISDICTION.

A suit commenced in a state court, by a British subject, against a nonresident corporation, to recover $20,000 damages for personal injuries, is removable to the circuit court on the application of the defendant.

Action by James H. Stalker against the Pullman's Palace-Car Company to recover for personal injuries. The cause was removed from the state court on petition of defendant. Heard on motion to remand.

McLachlan & Cohrs, for plaintiff.
Hunsaker & Wright, for defendant.

ROSS, Circuit Judge. The plaintiff, a British subject, commenced this suit in one of the superior courts of the state, against a corporation organized and existing under the laws of the state of Illinois, to recover damages in the sum of $20,000 for personal injuries. The defendant filed in the superior court a petition and bond for the removal of the cause to this court. The bond was approved, and an order of transfer entered, and here the defendant appeared specially for the purpose, and moved the court to set aside the service of process made in the state court, upon the coming on of which for argument, the plaintiff moved the court to remand the case to the state court, upon the ground that it was improperly brought here, and also made a motion that, in the event the motion to remand be denied, the plaintiff be allowed to amend the return of service of process, to which latter motion the defendant objected, for the reason that no notice thereof had been given.

The motion to remand must be denied, under the ruling of the supreme court made in the case of Railroad Co. v. Davidson, 15 Sup. Ct. 563, in which that court held that section 2 of the judiciary act of 1887, as amended by the act of 1888, refers to the first part of section 1 of the same act, by which jurisdiction is conferred on the circuit courts, and not to the clause thereof relating to the district in which suit may be brought, which restriction, as has been repeatedly held, is but a personal privilege of the defendant, and may be

waived by him. The necessary result of this ruling is that this court would have had original jurisdiction of the present suit by virtue of the first section of the act of 1887, as corrected by that of 1888, subject to the exercise of the personal privilege conferred upon the defendant by the restrictive clause referred to.

A ruling upon the motion of the defendant to set aside the service of process made in the state court should, I think, be withheld until the plaintiff has had an opportunity to give notice of his motion to amend the return of service of such process.

Motion to remand denied.