### COPELAND v. BRUNING.

(Circuit Court, D. Indiana. February 12, 1896.)

No. 9,043.

FEDERAL COURTS—JURISDICTION—SUIT TO DETERMINE VALIDITY OF WILL.

The federal courts have no jurisdiction, either original or upon removal from a state court, of a suit instituted to determine the validity of a will, as a preliminary step in determining whether its probate should be granted or denied.

McCullough & Spaan, for complainant.
Smith & Korbly and Miller, Winter & Elam, for defendant.

BAKER, District Judge. The petitioner for removal, William H. Bruning, presented for probate in the office of the clerk of the circuit court of Jefferson county, Ind., as provided for in the statutes of this state, the alleged last will and testament of John F. Bruning, who died in said county, testate. Rev. St. 1894, §§ 2754–2758, inclusive (Rev. St. 1881, §§ 2584–2588). Objection to the probate of the will was filed by Clara Copeland, one of the two children and heirs at law of the decedent, as provided for in section 2765, Rev. St. 1894 (section 2595, Rev. St. 1881). Thereafter she filed a complaint to contest the validity of her father's will, as provided for in sections 2766–2768, Rev. St. 1894 (sections 2596–2598, Rev. St. 1881), making William H. Bruning, who is one of the two children and heirs at law of the decedent, and who is a devisee under the will which he had previously propounded for probate, the sole party defendant. The complaint sets forth the statutory grounds of contest. Process was issued upon this complaint against William H. Bruning, and service was had by copy. He thereupon entered a special appearance in the circuit court of Jefferson county, Ind., and filed his petition, accompanied by a proper bond, praying for the removal of said cause from the state court into this court. The state court refused to order the removal. The defendant thereupon procured a transcript of the record, and filed the same in this court at the proper time. The plaintiff, Clara Copeland, has interposed a motion to remand the cause to the state court, upon two grounds: First, because Nicholas Horuff, a citizen of Indiana, is shown by the complaint to be a necessary party defendant thereto, although not named as such; and, secondly, because a proceeding to contest the validity of a will which has not been admitted to probate is not a suit at common law or in equity, but is a proceeding to determine whether the will is valid, and entitled to probate, and therefore it is not removable. The view which the court entertains in respect to the second question renders any expression of opinion upon the first immaterial.

The question for decision is this: When a will has been propounded for probate, and a caveat has been put in against it, and a contestatio litis has been raised, and a controversy touching the validity of the will has been instituted inter partes, does the act of congress of 1887, as amended in 1888, authorize the removal of the cause for trial into a federal court, where the parties plaintiff and defendant are citizens of different states? The act of congress authorizes the removal from a state court into a federal court of such causes only as might have been originally brought in the latter court. In this respect it differs from the acts of 1866 and 1875. The present suit can settle nothing but the validity or invalidity of the will as a preliminary step in determining whether its probate should be granted or denied. A federal

court cannot admit it to probate, nor can it take upon itself the administration of the testator's estate. In my opinion, the federal courts have no jurisdiction to try a suit which is prosecuted solely for contesting the validity of a will. This view seems to be sustained by the authorities.

The case of Gaines v. Fuentes, 92 U. S. 10, is in point on the question. In that case a suit had been brought in the district court for the parish of Orleans to settle the title to lands. The will sought to be set aside was relied upon as a muniment of title, and, as it had been admitted to probate, it could only be assailed by a suit to set aside the probate and to declare the will invalid. In the prevailing opinion, the court said:

"The action cannot be treated as properly instituted for the revocation of the probate, but must be treated as brought against the devisee by strangers to the estate to annul the will as a muniment of title, and to restrain the enforcement of the decree by which its validity was established, so far as it affects their property. It is, in fact, an action between parties; and the question for determination is whether the federal court can take jurisdiction of an action brought for the object mentioned between citizens of different states, upon its removal from a state court."

The grounds upon which the revocation of the will and the annulment of the decree of probate were asked were the falsity and insufficiency of the testimony on which the will was admitted to probate, and the status of the plaintiff in error incapacitating her to inherit or take by last will from the decedent. This case simply decides that strangers to the estate may dispute the validity of a will and its probate on the grounds of fraud and the incapacity of the devisee to take by will, whenever in a suit, inter partes, involving the title to land, such will and its probate are claimed as muniments of title. Such a suit is an ordinary proceeding in equity, whereby a stranger to a deed or a judgment seeks to impeach it as a muniment of title, on the ground that it casts a cloud upon his title or endangers his estate. Such a suit is not a proceeding to establish a will.

As was further said in the prevailing opinion:

"The suit in the parish court is not a proceeding to establish a will, but to annul it as a muniment of title, and to limit the operation of the decree admitting it to probate. It is, in all essential particulars, a suit for equitable relief,—to cancel an instrument alleged to be void, and to restrain the enforcement of a decree alleged to have been obtained upon false and insufficient testimony."

The court conceded that the courts of the United States possessed no probate jurisdiction, and had no authority to determine a cause for the establishment of a will. It said:

"There are, it is true, in several decisions of this court, expressions of opinion that the federal courts have no probate jurisdiction, referring particularly to the establishment of wills; and such is, undoubtedly, the case under the existing legislation of congress."

This case, in my opinion, is an authority against the right of removal, instead of supporting that right, as contended for by counsel for the petitioner; and such is the view taken of it by Mr. Justice Swayne, who participated in the decision of that case.

In Re Frazer, Fed. Cas. No. 5,068, which was a motion to remand to the circuit court of the state a case appealed to it from the probate court, in proceedings to probate a will, Mr. Justice Swayne, presiding in the circuit court for the Eastern district of Michigan, said:

"A federal court has no jurisdiction in cases of proceedings to establish a will. In Gaines v. Fuentes, 92 U. S. 10, the supreme court said: 'There are, it is true, in several of the decisions of this court, expressions of opinion that federal courts have no probate jurisdiction, referring particularly to the establishment of wills; and such is, undoubtedly, the case under the existing legislation of congress.' By this ruling I am bound, and it is conclusive of the case. See, also, Broderick's Will, 21 Wall. 504; Du Vivier v. Hopkins, 116 Mass. 125; Youley v. Lavender, 21 Wall. 276; Tarver v. Tarver, 9 Pet. 174; Fouvergne v. New Orleans, 18 How. 470; Adams v. Preston, 22 How. 473, 478."

The case of Ellis v. Davis, 109 U. S. 485, 497, 3 Sup. Ct. 327, was a suit in equity ...y the appellants, as heirs at law and next of kin, to recover possession of real estate, part of which was devised to the appellee by Sarah Ann Dorsey, by will duly probated in the state of Louisiana, and part of which was situated in Mississippi, and was given to him by Mrs. Dorsey in her lifetime; and to set aside the will as made under undue influence, and the conveyance as obtained by the exercise of undue and improper influence, and to have an accounting of rents and profits. A demurrer to the bill was sustained, and the bill dismissed; and, on appeal, the decree of the court below was affirmed. The facts of this case did not present for decision the question whether or not the federal courts have original jurisdiction of proceedings to establish a will upon a contest to determine its validity, and whether or not it ought to be admitted to probate. The court, however, said:

"The original probate, of course, is mere matter of state regulation, and depends entirely upon local law; for it is that law which confers the power of making wills, and prescribes the conditions upon which they may take effect; and as, by the law in almost all the states, no instrument can be effective as a will until proved, no rights in relation to it, capable of being contested between parties, can arise until preliminary probate has been first made. Jurisdiction as to wills, and their probate as such, is neither included in nor excepted out of the grant of judicial power to the courts of the United States."

But, if jurisdiction as to wills and their probate as such is not included in the grant of judicial power to the courts of the United States, clearly those courts have no jurisdiction as to wills and their probate as such, because they have no jurisdiction except such only as has been expressly conferred upon them. The validity of a will may, undoubtedly, be drawn in question, and require adjudication in courts of law as well as in courts of equity. Devisavit vel non is an issue frequently tried at law, and directed in equity; and there are special cases, also, where the validity of a will may be investigated in equity, as shown in Case of Broderick's Will, 21 Wall. 504. But that is a very different thing from hearing and determining the question of testamentum vel non, when that question comes directly in litigation. This question belongs to courts having special modes of procedure, and is subject to rules having their origin in the ecclesiastical laws. Certainly, it cannot be seriously contended that, if the courts of the

United States have no original jurisdiction of the probate of wills, they, nevertheless, have jurisdiction of a contest to determine whether or not a will should be admitted to probate. That would be to assume jurisdiction over the whole subject of probating wills.

The case of Reed v. Reed, 31 Fed. 49, contains a well-considered opinion, holding that the courts of the United States have no jurisdiction to try a controversy to contest the validity of a will by an original bill brought for that purpose. In the course of the opinion it is said:

"This question of jurisdiction is not a new one in this court. At the April term, 1878, this court had the same question before it in the case of Howe v. Nesbit (not reported); and the court then decided, after full argument (Judges Baxter and Welker sitting together), that the court had no jurisdiction to try a controversy brought under the Ohio statute to contest the validity of a will, by an original bill filed for that purpose, and sustained a demurrer to such bill for want of such jurisdiction, and dismissed the case for that ground of demurrer. In that case the will had been probated in the probate court of Lorain county, and the petition was filed as the one in this case was filed, making the heirs at law of the testatrix defendants, and asking that the cause be submitted to a jury to determine whether the said instrument was the valid last will and testament of said Catherine Nesbit, and that the same might be declared null and void. I see now, after a careful examination of the authorities cited by counsel in this case, no reason to change that ruling."

The case of In re Cilley, 58 Fed. 977, contains an elaborate discussion of the question by Judge Aldrich, whose opinion is concurred in by Judge Colt. In that case it was held that the right of removal is restricted by section 2 of the Acts of 1887–88 to the classes of cases in which original jurisdiction is given by section 1; that the right of removal on the ground of diverse citizenship is limited to suits of a civil nature at common law or in equity; and that a proceeding to establish and probate a will is not a suit at common law or in equity, and therefore is not removable under the Acts of 1887–88.

In the case of Oakley v. Taylor, 64 Fed. 245, it is held that the courts of the United States have no jurisdiction of an original suit brought in such courts to contest the validity of a will, and to procure a decree for its cancellation.

If this court should assume jurisdiction of the contest, the power conferred upon it is not adequate to carry its judgment into execution. It has no power to cause a will, if found to be a valid testament, to be entered on the records of the state court having probate jurisdiction. The will must still be proved and recorded in the state court to make it effective. The records of the court having probate jurisdiction ought, in conformity with the requirements of the statutes of this state, to exhibit the will and its probate; and it would prove highly inconvenient if the records of this court should have to be examined to determine whether or not a will was valid and entitled to probate. Besides, the state court has refused to surrender jurisdiction of this contest; and should this court assume jurisdiction, and enter a judgment either in favor of or against the validity of the will, and recognition of its judgment was refused by the court of the state, an unseemly contest would arise. If this court should establish the validity of the will, and the state court should refuse to recognize such judgment, could this court seize upon and administer

the testator's estate? It clearly possesses no such power. I entertain no doubt that this court has no jurisdiction of a suit, either brought here originally or by removal, for contesting the validity of a will; but, if I entertained doubts, it would be my duty to resolve them in favor of the jurisdiction of the state court, and against the right of removal here.

The motion to remand is therefore sustained, at the cost of the petitioner for removal.