In re ASPINWALL'S ESTATE.

(Circuit Court, W. D. Pennsylvania. December 18, 1897.)

No. 20.

REMOVAL OF CAUSES—JURISDICTION OF FEDERAL COURTS—PROBATE PROCEEDING.

A proceeding in the orphans' court in Pennsylvania on appeal from a decision of the register of wills admitting a writing to probate as a will is one in rem, heard in the exercise of the probate jurisdiction of the court, and is neither a suit at law or in equity cognizable by or removable to the federal courts.

Sur motion to remand to state court.

A. P. Burgwin, for petitioner.

John G. Johnson and Dalzell, Scott & Gordon, for executor.

ACHESON, Circuit Judge. It may confidently be affirmed that a proceeding to establish and probate a will is not a suit at law or in equity, of which a circuit court of the United States, under the act of March 3, 1887, as amended August 13, 1888, has original cognizance, or can acquire jurisdiction by removal from a state court. Case of Broderick's Will, 21 Wall. 503; In re Frazer, Fed. Cas. No. 5,068; Reed v. Reed, 31 Fed. 49; In re Cilley, 58 Fed. 977; In re Foley, 76 Fed. 390, 80 Fed. 949. What, then, is the nature of the proceeding here in question?

The register of wills of Allegheny county, Pa., against the caveat of Mrs. Mary C. Delafield, admitted to probate a writing purporting to be the last will of Anna R. Aspinwall, deceased, and issued letters testamentary thereon to the executor therein named. From this decision of the register an appeal was taken by Mrs. Delafield to the orphans' court of Allegheny county. Pending proceedings upon this appeal in the orphans' court, Mrs. Delafield presented her petition to that court, for the removal of the cause into this court, upon the ground of diverse citizenship between the proponent of the will and the contestant. Now, the orphans' court is a special statutory tribunal, having under the law of Pennsylvania exclusive cognizance of appeals from the decisions of the register in the matter of the probate of wills and the granting of letters testamentary. In performing its appellate functions in such a case, the orphans' court undoubtedly exercises probate jurisdiction. The subject-matter involved in the appeal is the validity of the contested instrument as a will. The proceeding upon the appeal is in the nature of a proceeding in rem, and, when a final decree is reached, it is conclusive on all the world. In re Miller's Estate, 159 Pa. St. 562, 28 Atl. 441.

The supreme court of Pennsylvania, in Re Miller's Estate, 166 Pa. St. 97, 111, 31 Atl. 63, said:

"The appeal brings the rem—the will—within the jurisdiction of the orphans' court. The court then proceeds by its process to bring the persons interested in the res before it; so that all may be heard before the final decree is made, and be bound by it when made."

Such being the character of this proceeding, the federal decisions above cited are directly against our jurisdiction. Nor is this conclusion at variance with the rulings in Gaines v. Fuentes, 92 U. S. 18, and Ellis v. Davis, 109 U. S. 485, 3 Sup. Ct. 327, that, where by the law of a state suit may be maintained in a state court to annul the probate of a will, such a suit may be maintained in a federal court, where the parties on the one side and the other are citizens of different states. The proceeding upon this appeal is not such an annulling suit, nor is it analogous to such a suit. It is a part of the probate proceedings for the establishment of the contested instrument.

As these views are conclusive against the jurisdiction of this court, it is not necessary for us to consider the other reasons assigned for

remanding the cause.    And now, this 18th day of December, 1897, it is ordered and adjudged that this proceeding be, and the same is, remanded to the orphans' court of Allegheny county.