## MORRIS v. CLARK CONST. CO.

(Circuit Court, D. South Carolina. November 10, 1905.)

REMOVAL OF CAUSES—JURISDICTION OF FEDERAL COURT—SUITS BETWEEN NON-RESIDENTS.

An action, brought in a state court by an alien against a citizen and resident of another state, may be removed into the federal court by the defendant where the requisite amount is involved; the statutory provision prescribing the districts in which such suits shall be brought in a federal court being in the nature of personal exemption in favor of the defendant, which he may waive, and does waive by the removal.

On Motion to Remand to State Court.

Legare & Holman, for plaintiff.

Smythe, Lee & Frost, for defendant.

BRAWLEY, District Judge. This is a motion by the plaintiff to remand this case to the state court, whence it was removed by the defendant company. The plaintiff is an alien, and the defendant company is a corporation chartered under the laws of Illinois.

Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508], passed to correct the enrollment of Act March 3, 1887, c. 373, 24 Stat. 552, which determines the jurisdiction of the Circuit Courts of the United States, provides that such courts "shall have original cognizance concurrent with the courts of the several states of all suits of a civil nature at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of $2,000, in which * * * there shall be a controversy between citizens of different states, or a controversy between citizens of a state and foreign states, citizens or subjects," in which is involved the requisite jurisdictional amount above stated. It is further provided that "where the jurisdiction is founded only on the fact that the action is between citizens of different states, suits shall be brought only in the district of the residence of either the plaintiff or the defendant." Section 2 of the same act provides that "suits of a civil nature, of which the Circuit Courts of the United States are given jurisdiction by the preceding section, and which are pending in any state court, may be moved into the Circuit Court of the United States for the proper district by the defendant or defendants therein being nonresidents of that state."

The ground upon which the motion to remand rests is that, the plaintiff being an alien and the defendant company a citizen of Illinois, this court has no jurisdiction. It is conceded that, if the defendant company was a citizen of South Carolina, the alien plaintiff could have brought his suit in this court, and its jurisdiction to determine the controversy could not be disputed, for it would be a controversy between citizens of a state and foreign states, citizens, or subjects, of which the Circuit Courts of the United States have original cognizance by the terms of the statute; but, inasmuch as the defendant company is not a citizen of South Carolina, it could not be sued outside of the district of its residence without its consent. But it has been decided by the Supreme Court of the United States in numerous cases that that is a, personal privilege of the defendant and may be waived. In Ex parte Schollenberger, 96 U. S. 369, 24 L. Ed. 853, Chief Justice Waite says:

"The act of Congress prescribing the place where a person may be sued is not one affecting the general jurisdiction of the courts. It is rather in the nature of a personal exemption in favour of the defendant, and is one which he may waive. If the citizenship of the parties is sufficient, the defendant may consent to be sued anywhere he pleases, and certainly jurisdiction will not be ousted because he has consented."

And the same court, in Railroad Company v. Davidson, 157 U. S. 208, 15 Sup. Ct. 565, 39 L. Ed. 672, says:

"It is true that by the first section, where jurisdiction is founded on the diversity of citizenship, suit is to be brought only in the district of the residence of the plaintiff or defendant, and this restriction is a personal privilege of the defendant and may be waived by him."

By filing its petition for removal the defendant company has waived its privilege of being sued only in the state of its residence, and is estopped, therefore, from making any question as to the jurisdiction of this court.

The precise question was decided by Judge Ross in Stalker v. Pull-

man's Palace Car Company (C. C.) 81 Fed. 989, where the plaintiff, a British subject, commenced a suit in the state court of California against the defendant company, a corporation organized under the laws of the state of Illinois, which had removed the case to the United States Circuit Court. Motion to remand was denied on the authority of Railroad Company v. Davidson, above cited. Judge Simonton, in this court, in the V. C. Chemical Company v. Sundry Insurance Companies (C. C), 108 Fed. 452, held that "an action brought by the Virginia corporation in the state court against a corporation of another state was removable into the federal court at the instance of the defendant corporation, notwithstanding that neither the defendant corporation nor the plaintiff corporation is a resident of South Carolina," and says:

"The right of removal is given wholly to the defendant, without any reference in a remote degree to the plaintiff or his wishes, so no waiver on the part of the plaintiff is necessary or proper."

The principle is that a defendant corporation, which, by the judiciary act, can be sued only in the state of its residence or in the state where the plaintiff resides, may waive its privilege, and by its petition for removal is held to have waived its privilege of being sued in the state of its residence. The fact that the plaintiff here is an alien does not seem to me to affect the question. Not being a resident of any state, his right to bring a suit in the United States court is probably limited to the state of the defendant's residence; but, as the defendant company has waived that privilege, as under the authorities it has a right to do, this court has jurisdiction, and the motion to remand must therefore be denied.