## MAHOPOULUS v. CHICAGO, R. I. & P. RY. CO. et al.

(Circuit Court, W. D. Missouri, W. D.    December 23, 1908.    On Rehearing, March 8, 1909.)

### No. 3,419.

1. REMOVAL OF CAUSES (§ 11*)—RIGHT OF REMOVAL—ORIGINAL JURISDICTION OF FEDERAL COURT.

No suit or action is removable from a state to a federal court unless it be one that the plaintiff could originally have brought in the Circuit Court to which the removal is sought.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 29-31; Dec. Dig. § 11.*]

2. REMOVAL OF CAUSES (§ 11*)—RIGHT OF REMOVAL—SUIT BY ALIEN AGAINST NONRESIDENT CORPORATION.

An action by an alien who is a nonresident of the United States against a corporation, brought in a court of another state than that of defendant's incorporation, but in which it is doing business and for that reason under its laws subject to service and suit in the state courts, where there is no other ground of federal jurisdiction except diversity of citizenship, is not removable by the defendant unless plaintiff consents or waives objection.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 29-31; Dec. Dig. § 11.*]

On Motion to Remand to State Court.

Rosenberger & Reed, for plaintiff.

Schree, Conrad & Wendorff, for defendant Chicago, R. I. & P. Ry. Co.

Warner, Dean, McLeod & Timmonds, for defendant Chicago, B. & Q. R. Co.

POLLOCK, District Judge. The plaintiff in this action, an alien, citizen, subject, inhabitant, and resident of the kingdom of Greece, on

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

September 17, 1908, commenced this action in the circuit court of Jackson county, this state, against the Chicago, Rock Island & Pacific Railway Company, a corporate citizen of the states of Illinois and Iowa, the Chicago, Burlington & Quincy Railroad Company, a corporate citizen of the state of Illinois, and Harvey Smith and James J. Harrington, natural citizens of this state, and, respectively, train conductor and engineer in the employ of defendant the Chicago, Rock Island & Pacific Railway Company, to recover damages for the death of her husband, Nick Mahopoulus, alleged to have been caused by the wrongful, joint, negligent acts of defendants, under the terms and provisions of the laws of this state wherein the injury was done and the death occurred. Within due time defendants, the Chicago, Rock Island & Pacific Railway Company and the Chicago, Burlington & Quincy Railroad Company, filed their joint petition and bond for removal of the cause into this court on the ground of a separable controversy existing between plaintiff and the removing defendants. An order of removal was made and entered by the state court, and the transcript duly lodged in this court. Thereafter plaintiff, without having taken any step in this court which may be deemed or construed as a waiver of her consent to the exercise of jurisdiction of this court over her person or cause of action, filed herein her motion to remand the cause to the state court for want of jurisdiction in this court. This motion has been submitted in oral argument and on briefs of counsel for decision.

At the oral argument it was admitted and conceded by counsel for plaintiff in open court, under the statutory law of this state creating and governing this cause of action for damages for death by wrongful act, a separable controversy exists between the plaintiff and the removing defendants, as alleged in their petition for removal. But it was then contended, and is now insisted, admitting the existence of such separable controversy, yet this separable controversy is in its very nature such that this court did not acquire and cannot maintain jurisdiction by the removal taken without the consent of, or some act amounting to a waiver of consent on the part of, the plaintiff.

The question presented here is as to the soundness of this contention. Section 1 of article 3 of the national Constitution provides:

"The judicial power of the United States shall be vested in one Supreme Court, and in such inferior courts as the Congress may from time to time ordain and establish."

Section 2 of article 3 provides the extent of judicial power possessed by the national courts, as follows:

"The judicial power shall extend to all cases in law and equity arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority, to all cases affecting ambassadors, other public ministers, and consuls, to all cases of admiralty and maritime jurisdiction; to controversies to which the United States shall be a party; to controversies between two or more states; between a state and citizens of another state; between citizens of different states; between citizens of the same state claiming lands under grants of different states, and between a state, or the citizens thereof, and foreign states, citizens, or subjects."

From these constitutional provisions it is seen the Supreme Court alone derives jurisdiction and power direct from the Constitution; that

this court possesses only such jurisdiction and power as may be expressly conferred upon it by Congress within the limits fixed by the Constitution. United States v. Hudson, 7 Cranch, 32, 3 L. Ed. 259; McIntire v. Wood, 7 Cranch, 504, 3 L. Ed. 420; Turner v. Bank of North America, 4 Dall. 8, 1 L. Ed. 718; Sheldon et al. v. Sill, 8 How. 441, 12 L. Ed. 1147; Stevenson v. Fain, 195 U. S. 165, 25 Sup. Ct. 6, 49 L. Ed. 142; Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264. That is to say, the jurisdiction and power of the Circuit Courts of the United States created by Congress under authority of the Constitution has a twofold limitation: First, it is limited by, and must be confined to, the bounds fixed by the Constitution on the power of Congress to legislate at all. Second, it must be limited to the exercise of such power and jurisdiction alone as the Congress, in its wisdom, sees fit to confer. If either limitation be exceeded, the acts of the court are void and of no effect. Therefore, in any given case, resort must be had by the court to the acts of Congress conferring jurisdiction and power on the court to determine whether it possesses power to proceed in the case. And as this present case reached this court, not through the exercise of its original jurisdiction, but through the power conferred by Congress on parties litigant to withdraw their controversy from a lawful exercise of judicial power conferred by a sovereign state on its judicial tribunal and to bring such controversy within the absolute control of this court, it is manifest the controversy must be such in its very nature as this court can receive and determine between the parties under its grant of original jurisdiction and power, and also the controversy must be such by its nature as the Congress under constitutional authority has expressly authorized parties litigant to withdraw from the jurisdiction of the state court and place within the jurisdiction, power, and control of this court, to the ultimate exclusion of the state tribunal.

Section 1 of the act of March 3, 1887, c. 373, 24 Stat. 552, as corrected by the act of August 13, 1888, c. 866, 25 Stat. 433 (U. S. Comp. St. 1901, p. 508), confers original jurisdiction of controversies therein named on this court, as follows:

"That the Circuit Courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, and arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or in which controversy the United States are plaintiffs or petitioners, or in which there shall be a controversy between citizens of different states, in which the matter in dispute exceeds exclusive of interest and costs, the sum or value aforesaid; * * * But no person shall be arrested in one district for trial in another in any civil action before a Circuit or District Court; and no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

As has been seen, the plaintiff in this action being an alien citizen, subject of the kingdom of Greece, an inhabitant and resident of that foreign state at the time this action was brought, and defendants be-

ing citizens of states of this country, there can be no doubt but that the separable controversy here presented, had it been originally brought by plaintiff in the proper circuit court of Illinois, that court would have had jurisdiction under the express terms of the act. Or, had it been brought in any other Circuit Court of the United States, either by express consent of defendants, or when brought by plaintiff in any such court had defendants in any manner by appearing to the merits of the controversy impliedly consented to such jurisdiction, such other national court would undoubtedly have possessed full jurisdiction, power, and control of the controversy and the parties litigant thereof, and this notwithstanding the language employed in the opinion in Ex parte Wisner, supra; In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904; Western Loan Co. v. Butte & Boston Min. Co., 210 U. S. 368, 28 Sup. Ct. 720, 52 L. Ed. 1136. It is thus made entirely clear the separable controversy here presented between plaintiff and the removing defendants by reason of the alienage of the plaintiff and the citizenship of the defendants is of that class falling within the general original jurisdiction of this court.

However, the question remains, is it of that class over which this court may by the act of removal receive and retain jurisdiction to the exclusion of the original jurisdiction obtained by the state court by the act of the plaintiff in bringing the action in that court without the consent or some act done by plaintiff in this court amounting to a waiver of such consent? The ground of jurisdiction in this case arises from diverse citizenship of the parties litigant to the separable controversy. The general original jurisdiction and power of the Circuit Courts of the United States over the subject-matter of the separable controversy presented being established, it only remains to consider whether the Congress in the exercise of its constitutional power has provided this case may be removed into this court. If any such provision be found, it is binding on the parties litigant to this controversy, the state court, this court, and all others alike. For, of the limited power granted to Congress to legislate, it may exercise so much or so little as it may be disposed. The power granted by Congress to a party litigant to either bring in or remove to a Circuit Court of the United States his controversy is in no sense a constitutional or vested right of the party litigant. It is a mere privilege which Congress may grant or withhold at will, and when granted at all it is upon such terms, conditions, and limitations stated in the grant as Congress may deem fit and proper, so long as within constitutional bounds, and being the grant of a mere privilege the grantor may withdraw any or all of the rights conferred thereby at any time, at its pleasure. Therefore, defendants here have precisely such right of removal in this case as the Congress has provided by its act. That act provides:

"That any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, or treaties made or which shall be made, under their authority, or which the Circuit Courts of the United States are given original jurisdiction by the preceding section, which may now be pending, or which may hereafter be brought, in any state court, may be removed by the defendant or defendants therein to the Circuit Court of the United States for the proper district. Any other suit of a civil nature, at law or in equity, of which the Circuit Courts of the United States are given

jurisdiction by the preceding section, and which are now pending or which may hereafter be brought, in any state court, may be removed into the Circuit Court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that state; and when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the Circuit Court of the United States for the proper district." Section 2, 24 Stat. 552, 25 Stat. 433 (U. S. Comp. St. 1901, p. 509).

Whatever may have been thought the true construction of this act before the decision by the Supreme Court in Cochran v. Montgomery County, 199 U. S. 260, 26 Sup. Ct. 58, 50 L. Ed. 182, it is now conclusively settled no suit or action is removable from a state court to a federal Circuit Court unless it be one that plaintiff could originally have brought in the Circuit Court. At the common law there was no possible method by which the plaintiff could have brought the removing defendants before this court and required them to answer personally to her action because they are corporate citizens of a foreign state. Neither at the common law was there any procedure by which they could have been compelled by plaintiff to come before the courts of this state and there answer her action. St. Clair v. Cox, 106 U. S. 350, 27 L. Ed. 222; Carpenter v. Willard Case Lumber Co. (C. C.) 158 Fed. 691. The lawmaking power of this state has provided a method by which the plaintiff can and did require defendants to come personally into the state court from which this action was removed to answer to her demand against them, because defendants first came into this jurisdiction and owned or leased and operated long lines of railway, in charge of its officers, agents, and employés here present; in other words, was doing business within this jurisdiction. But while the lawmaking power of the state by virtue of the process so provided could and did compel defendants to respond to that process issued from out the state courts without the consent of defendants, yet it could not compel defendants to respond to like process of its creation issued from this court without the authority of Congress, and Congress has in the act above quoted withheld its authority unless on condition the defendants consent thereto or waive the privilege therein conferred upon them of refusing to respond to the demands of plaintiff, an alien, in any other Circuit Court than that of the federal district of which they are inhabitants. This proposition is firmly settled by numerous decisions of the Supreme Court. Southern Pacific R. Company v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, 36 L. Ed. 942; Mexican Central Railway v. Pinkney, 149 U. S. 207, 13 Sup. Ct. 859, 37 L. Ed. 699; Galveston, etc., Railway Co. v. Gonzales, 151 U. S. 496, 14 Sup. Ct. 401, 38 L. Ed. 248.

The question here presented, however, does not relate to the right of the defendants to consent to litigate with plaintiff her demand in this court. This the laws of the state required them to do in the form sought by plaintiff from which defendants seeks by removal to escape, and by the petition and bond for removal to this court, which is the established process by which actions originally instituted in a state court are brought into this (Kinney v. Columbia Savings, etc., Ass'n, 191 U. S.

78, 24 Sup. Ct. 30, 48 L. Ed. 103), they have irrevocably consented to the jurisdiction of this court.

But the question here presented is, did the plaintiff, by seeking the state court to litigate her controversy with defendants, impliedly agree, if defendants should by seeking a removal of the controversy to this court, thereby consenting to the jurisdiction of this· forum, she would also give her consent thereto? The affirmative of this proposition has been sustained by certain decisions of the federal courts. Morris v. Construction Co. (C. C.) 140 Fed. 756; In re Aspinwall (C. C.) 83 Fed. 851; and in other cases.

Again, under the authority of In re Hohorst, Petitioner, 150 U. S. 653, 14 Sup. Ct. 221, 37 L. Ed. 1211, had defendants, corporate citizens of a state of this country, a justiciable controversy against plaintiff sufficient in value, they might have proceeded against her in any Circuit Court of the United States in any district in which they could have procured valid personal service on her, regardless of her consent thereto. But this decision arose from the necessity of the case and the inapplicability of the present law to such a state of facts. For it is self-evident, as a nonresident alien is an inhabitant of no federal district of this country, such alien could either be brought before the Circuit Court of any district wherein personal service could be obtained on her, or she could not be required to appear before any federal court in this country, and it was not thought Congress had conferred jurisdiction on the courts of the nation over a class of controversies and excluded the courts entirely from cognizance of such class.

This construction of the judiciary act grants the same privilege to an alien to proceed against a citizen of this country as it grants to one citizen to proceed against another, and the right of a citizen to proceed against an alien in any jurisdiction in which such alien may be found. The doctrine of the Hohorst Case is, however, applicable only to that class of cases wherein an alien is defendant, not where an alien is plaintiff. As said by Mr. Justice Brown, delivering the opinion of the court in Galveston, etc., Railway Co. v. Gonzales, supra:

"Neither this case nor any other to which our attention has been called makes any distinction between cases where citizens and aliens are plaintiffs, though in the Hohorst Case, to prevent a manifest failure of justice in the inability to sue any foreign corporation whatever, it was held that where an alien corporation was defendant it might be sued in any district wherein it might be found."

The language of the judiciary act is prohibitive in terms. It reads:

"No civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant. But where the jurisdiction is founded only on the fact that the action is between citizens of different states, suits shall be brought only in the district of the residence of either the plaintiff or the defendant." ·

It is conclusively settled by authority controlling here that a domestic corporation is both a citizen and an inhabitant of that state in which it is incorporated. Shaw v. Quincy Min. Co., 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768; Southern Pacific Co. v. Denton, supra; Galveston, etc., Railway v. Gonzales, supra. Therefore, as removing

defendants are domestic corporate citizens of the state of Illinois, Congress has expressly prohibited the process of this court from running against them to bring them in here, although they may under state laws be brought before the courts of this state, and notwithstanding the further fact that they finding a suit here pending against them, in its nature such as this court has general, original jurisdiction to consider, they may waive the personal exemption conferred on them by the act and come in and litigate here.

By the express provisions of the removal act all but a certain clearly defined class are precluded from invoking the privilege thereby conferred. And, as has been seen, it expressly limits the right of removal by any defendant to that class of cases which might have been originally brought in the court to which the cause is attempted to be removed. That is to say, as related to this present controversy, before the right of removal shall obtain to defendants at all it must appear plaintiff could have originally brought her action in this court had she so desired. As has been seen, the privilege of plaintiff to have brought her action originally in this court is coupled with a condition that defendants should consent thereto. Over this condition plaintiff has no control, and this court no power. Beyond question, had she attempted to so have done, removing defendants by the simple act of disobeying the process of this court in her cause could have forever put it beyond the power of this court to proceed with her case against them, because this court is prohibited from causing such process to issue. In view of this condition of the law, she sought the state forum where she could, under its forms, compel attendance by defendants and compliance with its mandates. Defendants being thus pursued in a forum where they must appear, and the orders of which they must obey, by the petition and bond for removal filed therein have invited plaintiff to litigate her cause with them in this forum, in which she could not have compelled their attendance. To this invitation she declines her consent, preferring, as shown by her motion to remand, to proceed with her controversy where she began it. This, I think, she may do.

It may be contended the conclusion reached will preclude the removal of any action brought by an alien in any state court into a federal court for trial. This may be conceded to be true. For, as has been so often said by the Supreme Court, construing the present judiciary act, "The whole purport and effect of that act was not to enlarge, but to restrict and distribute, jurisdiction." Shaw v. Min. Co., supra. And, as said before, Congress under constitutional power created all federal courts inferior to the Supreme Court, and conferred on such courts their jurisdiction and power. Within the constitutional limitation it may grant the exercise to such courts of just so much or so little judicial power as in its wisdom it may deem fit.

It follows, the motion to remand must be sustained. It is so ordered.

## On Rehearing.

Rosenberger & Reed and Reinhardt & Schibsby, for plaintiff.

M. A. Low, O. M. Spencer, Paul E. Walker, F. P. Sebree, and Warner, Dean, McLeod & Timmonds, for defendants.

POLLOCK, District Judge. This case again comes before the court on motion for rehearing of matters decided on motion to remand to the state court. In passing on this motion for rehearing I deem it proper to state I am neither unmindful of the importance of the ruling made nor of the fact that the only known reported case decided since the opinion in Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, was announced, identical in principle and point of fact, holds to a contrary doctrine than that expressed in the opinion on the motion to remand heretofore filed in this case. I refer to Barlow v. C. & N. W. R. R. Co. (C. C.) 164 Fed. 765. However, I think it well to bear in mind, also, in any given case, no matter how large in importance, how sweeping in result, or how lasting in consequence, unless compelled thereto by controlling decisions, there is but one result possible, that which commends itself to the intelligent judgment of the court. Such judgment may be wrong in principle or declared erroneous in law by the exercise of a reviewing power, but none the less it is the only thinkable or possible judgment which may be announced by a court of first instance.

From a careful reading and consideration of the briefs of counsel filed on this motion, I find I must overrule it, and adhere to my original opinion on the motion to remand, for the reason I still believe the original opinion states the law, and is firmly based on certain fundamental and well-settled principles announced in various decisions of the Supreme Court touching the question at issue. As was stated in the original opinion, the judicial power exercised by this court, whether it be in its nature original or such as is obtained by the exercise of the power of removal, must be limited to that granted by Congress, and no more. The acts of Congress granting judicial power to this court mean precisely what the Supreme Court by its decisions declare, for the power which made the grant and the power which construed and limited it are each in their appropriate spheres supreme.

By the decisions of that court certain propositions, to my mind determinative of this matter, are settled beyond the power of argument to disturb. In Galveston, etc., Railway v. Gonzales, 151 U. S. 496, 14 Sup. Ct. 401, 38 L. Ed. 248, it was held an alien could not bring and maintain an action against a corporate citizen of a state of this country in a judicial district of which such corporation was not a resident or inhabitant, without consent of defendant, although the defendant in the case might undoubtedly have been proceeded against by the alien plaintiff in a state court under state laws in the judicial district wherein the action was brought; and for the very reason the action was not brought against the corporation defendant in the judicial district of which the defendant was a resident or inhabitant the judgment obtained by the plaintiff in the federal trial court was reversed. The authority of that case has not to my mind been questioned, but, on the contrary, has been many times followed by the Supreme Court. Therefore the plaintiff in this case could not have originally brought and maintained her action in this court without the consent of defendants. In Cochran v. Montgomery Co., 199 U. S. 260, 26 Sup. Ct. 58, 50 L. Ed. 182, it was expressly ruled no case

can be removed from a state court into a Circuit Court of the United States unless it be such a case as could have been originally brought by the plaintiff in such federal Circuit Court.

In Ex parte Wisner, supra, it is held, where a case is brought in a state court of a state of which neither party is a citizen, it cannot be removed into a Circuit Court of the United States sitting in such state wherein the action is brought, although both parties to the action consent thereto or take such steps in the federal court after a removal as will be construed as a waiver of objection to the jurisdiction of the court. However, the authority of that case was partly denied by the Supreme Court in the case of In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, and it was there held, where a corporate citizen of this country is proceeded against in a state court of a state of which neither party is a citizen, and the corporate citizen removes the case into the federal Circuit Court, and the plaintiff after removal acquiesces in the jurisdiction of that court by taking such steps therein after removal as will be construed as a consent to the exercise of jurisdiction over the person in such case, the federal court, having jurisdiction over the subject-matter because of the diverse citizenship of the parties and over the person of the defendant by the act of removal taken by it, obtains full and complete jurisdiction of both the subject-matter and the parties thereto by the implied consent given by the plaintiff by the steps taken therein after removal without objection. In that case but two questions were raised for decision, as stated by Mr. Justice Brewer delivering the opinion of the court, after stating the facts, as follows:

"This brings up two questions: First, whether both parties did consent to accept the jurisdiction of the United States court; and, second, if they did, what effect such consent had upon the jurisdiction of the United States court."

It was found in that case both parties had consented to the exercise of the jurisdiction of the federal court over their controversy, and notwithstanding the doctrine of the Wisner Case, as the court had jurisdiction over the subject-matter of the controversy by reason of the diverse citizenship of the parties, the consent to the exercise of its jurisdiction over the persons of both parties made the jurisdiction of the court full and complete. However, in this case the plaintiff has given no consent to the exercise of jurisdiction by this court over her person, and has taken no step in this case since the removal taken by defendants which has not been by her expressly and intentionally opposed to the exercise of jurisdiction by this court over her person. How, then, can she be said to have given her consent, which, as has been said, is essential to the obtaining of full and complete jurisdiction over both the subject-matter and the parties to the action. She did consent to the exercise of jurisdiction by the state court in which she brought her action over both her person and her controversy, but she had no choice of forums. She could not have commenced her action in this court without consent of defendants. How it can be held her resort to a court of this state, the only one in the state to which she could resort, is tantamount to a consent to the exercise of jurisdiction over her person by this court, a court to which she could

not have resorted in the first instance of her own will, had she felt so inclined, without consent of defendants, is beyond my comprehension, and to my mind such reasoning is both illogical and unsound.

It follows that the motion for rehearing will be denied.