T. A. POWELL ET AL., CAVEATORS, v. ANNIE MAY WATKINS, PRINCIPAL DEVISEE, AND JOHN ARNOLD, EXECUTOR OF N. C. POWELL, DECEASED.

(Filed 18 October, 1916.)

**1. Removal of Causes—Wills—Probate—Federal Courts—Collateral Attack.**

    The Federal statutes for the removal of "any suit of a civil nature, at law or in equity, from the State to the Federal courts" does not extend to or include causes concerning the probate of a will, and where a will has been admitted to probate in a State court having jurisdiction, its validity may not be further questioned in independent or collateral suits in the Federal courts, unless the adjudication of probate may be so assailed in the courts of the State.

**2. Same—State Procedure—Caveat.**

    The statutory requirements as to probating a will before the clerk, and transferring it to the civil-issue docket upon filing a caveat thereto, does not affect the exclusive jurisdiction of our State courts, having obtained it, or the position that the cause may not be removed to the Federal court under the Federal statutes, for the issue and its determination in the State court is only a part of the procedure to establish the validity of the will.

**3. Wills—Probate—Caveat—Proceedings in Rem — Collateral Attack — State Courts.**

    In this State the proceeding for probate of a will is not an adversary suit *inter partes,* but a proceeding *in rem* in which the jurisdiction of

the court, in the exercise of probate powers, is exclusive; and an adjudication of probate or an issue involved therein may not be assailed or questioned in any independent or collateral proceeding.

**4. Removal of Causes—Petition—Amendments—Power of Courts.**

After a proper petition and bond for the removal of a cause from the State to the Federal court, for diversity of citizenship, has been filed in the State court, the judge is without authority to permit the plaintiff to amend, and then demand a less amount than formerly claimed by him; but though this has erroneously been done, if not appealed from, it is conclusive in the State courts.

**5. Removal of Cause—Appeal and Error—Objections and Exceptions—Exceptional Cases—Merits.**

*Held,* the question of the removal of this cause from the State to the Federal court is not open to the appellant, who had not excepted to a former order made at a prior term of the court, refusing to remove it; but this Court passed upon its merits, as it may do when it considers the case as exceptional.

CAUSE heard on caveat to will of N. C. Powell and motion to remove cause to Federal court before *Peebles, J.,* at February Term, 1916, of HERTFORD, and again before *Winston, J.,* at July Term, 1916.

It appears that propounders, who are nonresidents of this State, offered for probate the will of N. C. Powell, who died resident in Hertford County, N. C., and T. A. Powell *et al.* filed a caveat to proof of will on the ground of mental incapacity, fraud and undue influence, etc. In this caveat allegation was made that the property involved in the controversy and disposed of by the will was over $4,000. At said February term propounders filed their petition for removal and bond, on account of diversity of citizenship, and his Honor, on application of caveators, allowed them to amend their averment as to value, and they then alleged that the property was worth not more than $2,500. His Honor, thereupon, denied the motion to remove the cause.

At a subsequent term of the court, July, 1916, propounders again made application to remove for diversity of citizenship, accompanied by proper bond, and his Honor, Francis D. Winston, presiding, denied the motion on the ground that the court had refused a similar motion at the February term preceding. Propounders, having duly excepted, appealed.

*John E. Vann and Winborne & Winborne for plaintiff.*
*R. C. Bridger for defendant.*

HOKE, J. The acts of Congress now controlling the matter, chapter 231, Laws 1911, United States Statutes at Large, vol. 36, part 1, p. 1087 *et seq.,* in section 28 provides for removal from the State courts

of "any suit of a civil nature, at law or in equity, arising under the Constitution and laws of the United States or treaties made," etc., and any other suit "of a civil nature, at law or in equity, of which the district courts are given jurisdiction by this title." And section 24 of the same act confers jurisdiction on the district courts, among many other causes, of "all suits of a civil nature, at common law or in equity, where the matter in controversy exceeds, exclusive of interest and cost, the sum or value of $3,000, and is between citizens of different States," etc.

The Federal legislation formerly applicable will be found in United States Statutes at Large, vol. 25, p. 433, being chapter 866, Laws 1888.

Comparing the two acts, it will be noted that the statute first mentioned, and which now prevails, confers jurisdiction on the district instead of the circuit courts, the latter being abolished by the act, section 289, and raises the jurisdictional amount to $3,000, but the general descriptive terms as to the character of the causes for removal are the same in each: "Any suit of a civil nature, at law or in equity," and the decisions construing and dependent upon the proper meaning of these terms should have the same significance now as under the former statute.

In construing this legislation, it has been established by many authoritative decisions that in these acts conferring jurisdiction the term "any suit of a civil nature, at law or in equity," does not extend to or include causes concerning the probate of a will, and, by consequence, causes of this nature are not, as a rule, under the act; and these cases further hold that where a will has been admitted to probate in a State court having jurisdiction, its validity may not be further questioned in collateral or independent suits in the Federal courts unless the adjudication of probate may be so assailed in the State courts where the probate was had. The question was recently presented to the Supreme Court of the United States in *Farrell v. O'Brien,* 199 U. S., 89, and, after a very full discussion of the subject by *Chief Justice White,* it was held as follows: "As the authority to make wills is derived from the State, and the requirement of probate is but a regulation to make a will effective, matters of pure probate, in the strict sense of the words, are not within the jurisdiction of courts of the United States.

Where a State law, statutory or customary, gives to the citizens of the State, in an action or suit *inter partes,* the right to question at law the probate of a will or to assail probate in a suit in equity, the courts of the United States in administering the rights of citizens of other States or aliens will enforce such remedies. The action or suit *inter partes,* however, must relate to independent controversies and not

to mere controversies which may arise on an application to probate or a mere method of procedure ancillary to the original procedure."

The same general principle has been recognized and upheld in former cases in the Supreme Court, as in *Ellis v. Davis,* 109 U. S., 485; *In re Broderick's Will,* 88 U. S., 503, and the lower Federal courts have rendered many decisions to the same effect and in which the ruling was sustained in opinions of great force and learning. *Wahl v. Franz,* 100 Fed., 680, reported also in 49 L. R. A. at page 62; *In re Aspinwall's Estate,* 83 Fed., 851; *In re Cilly,* 58 Fed., 977.

The position is not affected by the fact that, on caveat filed and issue joined, the cause is transferred for decision to a court of general jurisdiction, where, as in this State, the issue and its determination in such court is only a part of the probate procedure required to establish the validity of the will. *Farrell v. O'Brien, supra,* and *Copeland v. Bunning,* 72 Fed., 5.

In North Carolina the proceeding for probate of a will is not regarded as an adversary suit *inter partes,* but is a proceeding *in rem,* in which the jurisdiction of the court, in the exercise of probate powers, is exclusive, and an adjudication of probate may not be assailed or questioned in any collateral or independent proceedings. *Collins v. Collins,* 125 N. C., 98; *McClure v. Spivey,* 123 N. C., 678; *Varner v. Johnston,* 112 N. C., 570; *McCormick v. Jernigan,* 110 N. C., 406; *Hutson v. Sawyer,* 104 N. C., 1. In this State, therefore, such a proceeding comes clearly within the principle sustained and applied in the *Ferrall case* and others, *supra,* holding that a case concerning the probate of a will or an issue involved therein is not a removable cause within the meaning of the Federal legislation of the subject.

While we have considered and decided the propounders' motion on its merits—a course sometimes pursued by us in exceptional cases, *Gilbert v. Shingle Co.,* 167 N. C., pp. 286-290, the question does not seem to be open to appellant on this record by reason of the adverse decision of Judge Peebles rendered at February Term, 1916, and from which propounders did not appeal. If this were a removable cause, his Honor had no right to allow an amendment reducing an averment as to value involved in the suit after petition filed, accompanied by proper and sufficient bond. *Winslow v. Collins,* 110 N. C., 119; Moon on Removal of Causes, sec. 88. But his order to this effect, though erroneous, was conclusive so far as the State court was concerned, and Judge Winston, at the July term, was right in denying propounders' further application on that ground. *Herndon v. Ins. Co.,* 108 N. C., 648.

We find no error in the record, and the judgment denying application for removal is

Affirmed.