## COCHRAN AND THE FIDELITY AND DEPOSIT COMPANY v. MONTGOMERY COUNTY. SAME v. SAME.

ERROR AND CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

Nos. 37, 112. Argued November 2, 1905.—Decided November 27, 1905.

1. A citizen of Alabama brought suit in an Alabama state court against a citizen of Maryland and a citizen of Alabama, whereupon the Circuit Court for the Northern District of Alabama ordered the removal of the case on the petition of the citizen of Maryland alleging prejudice or local influence. A motion to remand was denied, and the case went to trial and judgment. That judgment was affirmed by the Circuit Court of Appeals and a writ of error from this court was thereupon prosecuted. *Held:* That as the jurisdiction of the Circuit Court as exercised was dependent entirely on diversity of citizenship, the judgment of the Circuit Court of Appeals was final and the writ of error could not be maintained.
2. But this court having granted the writ of certiorari in order to pass upon the question of the jurisdiction of the Circuit Court, *held:*
   (a) That the clause of the applicable statute treating of removals because of prejudice or local influence does not furnish a separate and independent ground of Federal jurisdiction and describes only a special case comprised in the preceding clauses.
   (b) That those suits only can be removed of which the Circuit Courts are given original jurisdiction, and that the right of removal because of diversity of citizenship can only be exercised by a defendant who is a citizen, or by defendants who are citizens, of a State other than that in which the suit is pending.
   (c) That as in the present case suit was brought in plaintiff's State against a citizen of the same State and a citizen of another State, it could not have been originally brought in the Circuit Court and the removal was improvidently granted.
   (d) As the removal was had on the application of the non-resident defendant, the costs of this court and of the Circuit Court must be paid by that party.

THIS action was brought January 21, 1902, in the City Court of Montgomery, Alabama, by the County of Montgomery, one of the counties of the State of Alabama, against John J. Cochran, a citizen of that county and State, and the Fidelity and Deposit Company of Maryland, a corporation

of the State of Maryland, Cochran being the treasurer of the
plaintiff county and the Fidelity and Trust Company of Mary-
land being the sole surety on the official bond of said Cochran
as such county treasurer, to recover damages for certain alleged
breaches of said official bond. Cochran was charged with the
conversion of amounts belonging to the general fund of the
county and of amounts belonging to the road and bridge fund.
Demurrers to the complaint were severally filed by defend-
ants in the state court.

February 15, 1902, the Fidelity and Deposit Company pre-
sented to the District Judge of the United States for the Middle
District of Alabama, holding the Circuit Court, its petition
for the removal of the cause into the Circuit Court of the
United States for that district, alleging, among other things,
that the matter in dispute exceeded the sum of two thousand
dollars, exclusive of interest and costs, and "that the said
controversy is between citizens of different States, in that the
plaintiff was at the time of the commencement of said suit,
and still is, a citizen of the State of Alabama; and your peti-
tioner, The Fidelity and Deposit Company of Maryland, was at
the time of the commencement of said suit, and still is, a citizen
of the State of Maryland, and of no other State, having its
principal office in the city of Baltimore, in the State of Mary-
land, and that your petitioner desires to remove this suit,
which is now pending and undetermined in said state court,
before the trial thereof, into the Circuit Court of the United
States, to be held in the Middle District of Alabama."

The petition then averred "that from prejudice or local
influence in favor of the plaintiff, and adverse to this defend-
ant, it will not be able to obtain justice in said court or in any
other state court to which the defendant may, under the laws
of this State, have the right to remove said cause, on account
of said prejudice or local influence;" that the suit was against
John J. Cochran, the treasurer of said county, and petitioner,
a surety company and a surety on the official bond of said
Cochran as such treasurer, to recover the sum of one hundred

and twenty thousand dollars, the full penalty of the bond; "and that by reason of the nature of said suit, all the residents and citizens of said Montgomery County have a direct interest in the recovery by the said plaintiff of the amount claimed."

It was further alleged that Cochran was "practically financially irresponsible" and therefore "practically only a nominal party to the suit," because the Surety Company "would be obliged to meet practically the whole claim should judgment be rendered against defendants;" and then set forth certain circumstances tending to show that there was local prejudice against the Surety Company "in any county in the State of Alabama in which said case should be tried." On the filing of the petition the judge entered an order finding that it appeared to the court "that from local prejudice or local influence" the Surety Company would not be able to obtain justice in the City Court of Montgomery, or in any other state court to which the company might have the right to remove the cause, and that the court was of opinion that it should be removed to the Circuit Court on the giving of bond in the penalty of one thousand dollars, and ordered the removal of the cause accordingly. The case came on to be heard in the Circuit Court at the May Term, 1902, when the plaintiff moved to remand upon the ground that the Federal Court was without jurisdiction, one of the defendants being a citizen of the same State as the plaintiff. This motion was overruled. 116 Fed. Rep. 985. On the trial the plaintiff amended the complaint by adding four additional counts, to which demurrers were sustained; and the case was tried on the original complaint and the general issue and certain special pleas interposed by defendants. The result was a judgment in favor of plaintiff for the amount of the general fund converted, but under the rulings of the court there was no recovery on account of the road and bridge fund. On writ of error sued out by plaintiff this judgment was reversed and a new trial ordered by the Court of Appeals. 121 Fed. Rep. 17. On a second trial, May 28, 1903, the complaint was amended in certain particulars

and three new counts added. The second trial resulted in a judgment in favor of plaintiff for an amount less than the amount claimed. On this judgment cross writs of error were sued out from the Circuit Court of Appeals, and the judgment reversed on the writ brought by plaintiff and a new trial ordered. 126 Fed. Rep. 456. The third trial, February 3, 1904, resulted in a judgment in favor of plaintiff for the full amount of the road and bridge fund converted by Cochran, with interest, less certain admitted payments made by him, and not including the amount of the general fund which had been in the meantime voluntarily paid by the company. On this last judgment, defendants sued out a writ of error to the Court of Appeals and the judgment was affirmed. 128 Fed. Rep. 1019. And thereupon the present writ of error was allowed. The case is numbered 37. Application for certiorari was made and is numbered 112.

*Mr. Edgar H. Gans* and *Mr. Thomas A. Whelan* for plaintiffs in error:

On the question of jurisdiction of the Circuit Court.

The Circuit Court has jurisdiction on a removal for prejudice or local influence, at the instance of a Maryland defendant, when the plaintiff and another defendant are citizens of Alabama. Section 1 of the removal statute as it now stands, act of March 3, 1887, as amended by that of August 13, 1888, but see the removal act of 1875 in force prior thereto, which did not provide for severable controversies or for prejudice and local influence. The prejudice and local influence statute was the act of 1867, March 2, see Rev. Stat. § 639, cl. 3; *Fisk* v. *Henarie*, 142 U. S. 459; *Whelan* v. *Railroad Co.*, 35 Fed. Rep. 849; *B. & O. R. R.* v. *Bates*, 119 U. S. 464. The question is one of statutory construction dependent mainly upon the ordinary and usual meaning of the words used. In the removal acts prior to 1888, there could be no removal unless all the defendants were citizens of another State. This was because the words used had received a settled construction from the time

of the passing of the first judiciary act. *Sewing Machine Cases,* 18 Wall. 553; *Vannevar* v. *Bryant,* 21 Wall. 41; *Myers* v. *Swann,* 107 U. S. 546; *Iron Co.* v. *Ashburn,* 118 U. S. 54; *Hancock* v. *Holbrook,* 119 U. S. 586.

The construction of those phrases in clauses 1 and 2 requiring all the defendants to join in the removal, is based upon the ordinary and usual meaning of the words employed. *Chicago* v. *Martin,* 178 U. S. 245; *Montclair* v. *Ramsdell,* 107 U. S. 147.

There is clearly an enlargement of the right to remove in respect to defendants who can show that from prejudice or local influence, he or they cannot obtain justice in the state court. The local prejudice clause has no relation to the separable controversy clause. *Jefferson* v. *Driver,* 117 U. S. 272; *Iron Co.* v. *Ashburn,* 118 U. S. 54.

The act permits or authorizes removal, though some of the defendants may be citizens of the State in which the plaintiff resides. *Huskins* v. *Cincinnati,* 37 Fed. Rep. 507; *Wilder* v. *Iron Co.,* 46 Fed. Rep. 676.

When all the plaintiffs are citizens of one State, and the defendant is a citizen of another and different State, any such citizen may remove without regard to the citizenship of his co-defendants. *Detroit* v. *City Ry. Co.,* 54 Fed. Rep. 1; *Adelbert College* v. *University,* 47 Fed. Rep. 836, 845; *Hall* v. *Chattanooga,* 48 Fed. Rep. 599; *Haire* v. *Rome Railway Co.,* 57 Fed. Rep. 321; *Bonner* v. *Meikle,* 77 Fed. Rep. 489.

Prejudice or local influence is made by the statute a ground for the removal of a cause from the state to the Federal Court. By the letter of the statute, as well as by the great weight of adjudicated cases, the non-resident defendants may remove the case. *Holmes* v. *Lo. Ry. Co.,* 125 Fed. Rep. 301; *Seaboard* v. *North Carolina,* 123 Fed. Rep. 629; *Bartlett* v. *Gales,* 117 Fed. Rep. 363.

Against these there are only four cases holding that in prejudice and local influence cases all the defendants must be non-residents of the State in which the suit is brought. *Anderson* v. *Bowers,* 43 Fed. Rep. 321; *Terre Haute* v. *Evansville,*

106 Fed. Rep. 545; *Campbell* v. *Milliken*, 119 Fed. Rep. 982; *Weldon* v. *Fritzlen*, 128 Fed. Rep. 608.

The preponderance of authority is on the side that plaintiff in error contends for.

Under the third clause of the act there may be a removal, even though one defendant is a citizen of the State in which suit is brought and another a citizen of another State. *Ches. & Ohio Ry. Co.* v. *Dixon*, 179 U. S. 131; *Connell* v. *Smiley*, 156 U. S. 335; *Carothers* v. *McKinley*, 116 Fed. Rep. 951; *National Bank* v. *Trust Co.*, 117 Fed. Rep. 969; *Sugar Creek Co.* v. *Mc-Kell*, 75 Fed. Rep. 34; *Lake Street Co.* v. *Farmers' Loan Co.*, 72 Fed. Rep. 804; *Vinal* v. *Continental*, 34 Fed. Rep. 228; Moon on Removals, 397, § 138.

Under the Constitution, Congress has the power to give the Circuit Courts jurisdiction when one of the defendants is a resident and the other a non-resident. *Gaines* v. *Fuentes*, 92 U. S. 10; *Fisk* v. *Henarie*, 32 Fed. Rep. 417, 423; *Haire* v. *Rome Ry. Co.*, 57 Fed. Rep. 321; *Whelan* v. *Railway Co.*, 35 Fed. Rep. 849, 858.

*Mr. William L. Martin* and *Jesse F. Stallings* for defendant in error:

On the question of jurisdiction.

Under the act of 1887–1888 the Circuit Court has no jurisdiction, either original or by removal from a state court, of a suit as one arising under the Constitution, laws or treaties of the United States, unless that appears by the plaintiff's statement to be a necessary part of his claim; and that if it does not appear at the outset that the suit is one of which the Circuit Court at the time its jurisdiction is invoked could properly take cognizance, the lack of jurisdiction cannot be supplied by anything set up in the application for removal or in the defense interposed. *Colorado Mining Co.* v. *Turck*, 150 U. S. 138; *Tennessee* v. *Union & Planters' Bank*, 152 U. S. 454; *Chappell* v. *Waterworth*, 155 U. S. 102; *Postal Telegraph-Cable Co.* v. *Alabama*, 155 U. S. 482; *East Lake* v. *Brown*, 155 U. S.

488; *Burgmeyer* v. *Idler*, 159 U. S. 408; *Oregon Short Line Ry. Co.* v. *Scottowe*, 162 U. S. 490; *Hanford* v. *Davies*, 163 U. S. 273; *Suburban Ry. Co.* v. *Lewis*, 173 U. S. 457; *Arkansas* v. *Coal Co.*, 183 U. S. 185; *Spencer* v. *Duplan Silk Co.*, 191 U. S. 526.

When a suit does not really and substantially involve a dispute or controversy as to the effect or construction of the Constitution or laws of the United States, upon the determination of which the result depends, it is not a suit arising under the Constitution and laws. *West. Un. Tel. Co.* v. *Ann Arbor R. R. Co.*, 178 U. S. 239; *Lampasas* v. *Bell*, 180 U. S. 276; *Northern Pacific Ry.* v. *Soderberg*, 188 U. S. 526, 528; *Water Company* v. *Defiance*, 191 U. S. 184, 190, 191; *Casualty Co.* v. *Minneapolis &c. Ry. Co.*, 192 U. S. 371, 385; *Cosmopolitan Mining Co.* v. *Walsh*, 193 U. S. 460; *Sloan* v. *United States*, 193 U. S. 614.

When the jurisdiction of the Circuit Court is invoked on the ground of diverse citizenship, the judgment of the Circuit Court of Appeals is final, even though another ground for jurisdiction in the Circuit Court may be developed in the course of the subsequent proceedings in the case. Cases *supra* and *Press Publishing Co.* v. *Monroe*, 164 U. S. 105; *Ex parte Jones*, 164 U. S. 691.

There was no possible ground of jurisdiction in the Circuit Court other than diversity of citizenship. Upon that ground Federal jurisdiction was invoked and assumed—whether correctly or erroneously is not pertinent to the consideration of this motion. The judgment of the Circuit Court of Appeals is therefore final under § 6 of the act. Cases *supra* and *Huguley Mfg. Co.* v. *Galeton Cotton Mills*, 184 U. S. 290.

The jurisdiction of the Circuit Court was none the less "dependent entirely" upon diverse citizenship because of the fact that the removal was upon the ground of prejudice or local influence. Clause 4, § 2, of the act does not furnish a separate and independent ground of Federal jurisdiction but describes only a special case comprised in the preceding clauses. *In re Pennsylvania Co.*, 137 U. S. 451, 456; *Malone* v. *Rich. & Dan. Railroad*, 35 Fed. Rep. 625.

MR. CHIEF JUSTICE FULLER, after making the foregoing statement, delivered the opinion of the court.

The first question is whether this court can entertain jurisdiction of this writ of error, and this must be answered in the negative, if the ground on which the jurisdiction of the Circuit Court was invoked was "dependent entirely upon the opposite parties to the suit or controversy, being . . . citizens of different States," because in such case the judgment of the Circuit Court of Appeals was final. Act of March 3, 1891, 26 Stat. 828, c. 514, § 6.

By section one of the judiciary act of 1887, as corrected in 1888 (25 Stat. 433, c. 866), the Circuit Courts of the United States are given "original cognizance, concurrent with the courts of the several States, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, and (1) arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or (2) in which controversy the United States are plaintiffs or petitioners, or (3) in which there shall be a controversy between citizens of different States, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid, or (4) a controversy between citizens of the same State claiming lands under grants of different States, or (5) a controversy between citizens of a State and foreign States, citizens, or subjects, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid, . . . and no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant; . . ."

Section 2 of the act provides for the removal of causes, as follows:

"That any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the Circuit Courts of the United States are given original jurisdiction by the preceding section, which may now be pending, or which may hereafter be brought, in any state court, may be removed by the defendant or defendants therein to the Circuit Court of the United States for the proper district. Any other suit of a civil nature, at law or in equity, of which the Circuit Courts of the United States are given jurisdiction by the preceding section, and which are now pending, or which may hereafter be brought, in any state court, may be removed into the Circuit Court of the United States for the proper district by the defendant or defendants therein, being non-residents of that State. And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the Circuit Court of the United States for the proper district. And where a suit is now pending, or may be hereafter brought, in any state court, in which there is a controversy between a citizen of the State, in which the suit is brought and a citizen of another State, any defendant, being such citizen of another State, may remove such suit into the Circuit Court of the United States for the proper district, at any time before the trial thereof, when it shall be made to appear to said Circuit Court that from prejudice or local influence he will not be able to obtain justice in such state court, or in any other state court to which the said defendant may, under the laws of the State, have the right, on account of such prejudice or local influence, to remove said cause: *Provided*, That if it further appear that said suit can be fully and justly determined as to the other defendants in the state court, with-

out being affected by such prejudice or local influence, and that no party to the suit will be prejudiced by a separation of the parties, said Circuit Court may direct the suit to be remanded, so far as relates to such other defendants, to the state court, to be proceeded with therein."

Section 3 of the act provides that, under the first three clauses of section 2, the petition for removal must be filed in the state court at the time or any time before the defendant is required, by the laws of the State or the rule of the state court in which such suit is brought, to answer or plead to the declaration or complaint.

In *Smith* v. *Rines*, 2 Sumn. 338, Mr. Justice Story held that under the judiciary act of 1789 such cases were only liable to removal from a state to the Circuit Court "as might, under the law, or at all events under the Constitution, have been brought before the Circuit Court by original process." And Mr. Justice Washington in *Beardsley* v. *Torrey*, 4 Wash. C. C. 286, and Mr. Justice Thompson in *Ward* v. *Arredondo*, 1 Paine, 410, expressed views to the same effect. In *Gaines* v. *Fuentes*, 92 U. S. 10, it was ruled that this was otherwise under the act of March 2, 1867.

But the act of 1887 restored the rule of 1789, and, as we have heretofore decided, those suits only can be removed of which the Circuit Courts are given original jurisdiction. *Mexican National Railroad Company* v. *Davidson*, 157 U. S. 201; *Tennessee* v. *Union and Planters' Bank*, 152 U. S. 454, 461. And on the face of this record it is apparent that the jurisdiction of the Circuit Court, as invoked, could only rest on diversity of citizenship. The case does not come within any other ground of original jurisdiction as defined by the act. It is true that one of the defendants was a citizen of the same State as the county of Montgomery, but the learned judge below held that where removal was sought on the ground of prejudice or local influence, the right of removal was not affected by another defendant and plaintiff being citizens of the same State as that where the suit was brought.    116 Fed. Rep. 985.

Whether that view was correct or not jurisdiction was exercised as resting on diversity of citizenship, that is, as between the plaintiff and the removing defendant.

But while the judgment of the Circuit Court of Appeals must be regarded as final and the writ of error dismissed, we deem it our duty to grant the writ of certiorari, to which the record on the writ of error may stand as a return, in order to pass upon the question of the jurisdiction of the Circuit Court, in the exercise of one of the essential functions of this court, the determination of the jurisdiction of the courts below. *Defiance Water Co.* v. *Defiance,* 191 U. S. 184, 195.

In applications for removal under clauses one and two of section two of the act of 1887, all the defendants were required to join in the application. *Chicago, R. I. & P. R. Co.* v. *Martin,* 178 U. S. 245; *Gableman* v. *Peoria, D. & E. R. Co.,* 179 U. S. 335. Under clause three, relating to cases of separable controversy, and clause four, all the defendants need not join. But the fourth clause, treating of removals because of prejudice or local influence, does not furnish a separate and independent ground of Federal jurisdiction, and, as Mr. Justice Bradley said in *In re Pennsylvania Company,* 137 U. S. 451, 456, "describes only a special case comprised in the preceding clauses." In that case we referred to the opinion of Mr. Justice Harlan in *Malone* v. *Richmond & Danville Railroad Company,* 35 Fed. Rep. 625, as expressing the correct view of the law. The question was whether the pecuniary limit was applicable under the fourth clause, and that involved consideration of the other clauses. Mr. Justice Harlan there said:

"It is clear from the above clauses, construing them all together, that the right of removal, at any time before trial, on the ground of prejudice or local influence, is restricted, by the act of 1887, to suits in which there is a controversy between citizens of different States; also that such right, in suits of that character, involving no Federal question, now belongs only to the defendant who is a citizen, or to the defendants who are citizens, of a State other than that in which the suit is brought.

And I think it is equally clear that the right of removal on the ground of prejudice or local influence does not exist in any case unless the sum or value of the matter in dispute exceeds $2,000, exclusive of interest and costs. The clauses of the second section of the act of 1887, defining the different kinds of suits that may be removed, preserve the same element of the value of the matter in dispute as is found in the first section, relating to the original jurisdiction of Circuit Courts. This is done by the provision giving the right of removal in suits 'of which the Circuit Courts of the United States are given original jurisdiction by the preceding [first] section.'

"    .   .   .   The subsequent clause, relating to prejudice and local influence, does not describe a new class of suits, removable from the state courts, but only specifies a distinct ground for removing one class of the suits previously defined, namely, that class in which there is a controversy between citizens of different States. And that ground the defendant is at liberty to set up 'at any time before the trial;' whereas, by the third section of the act, the right to remove, upon any other ground, will be lost, if not exercised at the time or before 'the defendant is required by the laws of the State or the rule of the state court' in which the suit is brought 'to answer or plead to the declaration or complaint of the plaintiff.' The clause prescribing prejudice or local influence as ground for the removal of a suit 'in which there is a controversy between a citizen of the State in which the suit is brought and a citizen of another State,' cannot well be separated, in the process of interpretation, from the preceding clause in the same section, which, by referring to the first section, requires as a condition of the removal of a suit because of diverse citizenship—the only kind of suit in which the existence of prejudice or local influence, as affecting the right of removal, is of any consequence—that the matter in dispute shall exceed in value $2,000, exclusive of interest and costs."

The first subdivision of section 639 of the Revised Statutes was a reënactment of the twelfth section of the judiciary act;

the second subdivision, of the act of July 27, 1866; and the third subdivision, of the act of March 2, 1867. The act of March 3, 1875, repealed the first and second subdivisions, but left subdivision three unrepealed. *Baltimore and Ohio Railroad Company* v. *Bates*, 119 U. S. 464, 467. The act of March 3, 1887, repealed the act of 1867, or subdivision three of section 639. *Fisk* v. *Henarie*, 142 U. S. 467. In describing the class of suits removable on the ground of prejudice or local influence, the language in the act of 1887 is identical with that of 1867, that is, suits "in which there is a controversy between a citizen of the State in which the suit is brought and a citizen of another State." The settled construction of the language of the act of 1867 and of the Revised Statutes was that the clause included cases wherein the controversy was between citizens of the State wherein the suit was pending and citizens of other States. The use of the identical language in the act of 1887–1888 showed that Congress intended the same construction should be applied, although under the act of 1887 the plaintiff could not remove a cause, while any defendant, being a citizen of a State other than that in which the suit was pending, might.

The Circuit Court was of opinion that the words "any defendant, being such citizen of another State, may remove," etc., implied that there might be defendants who were not citizens of another State and yet the cause be removable, but while the words, standing alone, are susceptible of that construction, we think it was not intended to change the meaning of the terms as previously determined (by the decisions under the act of 1789, and so on down), and that the class of cases removable on the ground of prejudice and local influence is confined to those in which there is a controversy between a citizen or citizens of the State in which the suit is pending and a citizen or citizens of another or other States, and that the clause did not include cases wherein the controversy was partly between citizens of the same State. To hold otherwise brings the language of the clause into conflict with the rule

that a suit to be removable must be within the original jurisdiction of the Circuit Court, departs from the settled former construction, and ignores the main purpose of the act of 1887, which was to restrict the jurisdiction of the Circuit Court. *Hanrick* v. *Hanrick,* 153 U. S. 192; *Anderson* v. *Bowers,* 43 Fed. Rep. 321; Moon on the Removal of Causes, § 189 and notes.

And there does not seem to be any escape from this conclusion in view of the provision of the first section of the act of 1887, that when the jurisdiction is founded solely on diversity of citizenship, suit can be brought "only in the district of the plaintiff or the defendant."

If brought in the district of the plaintiff or plaintiffs, the defendant or defendants (the singular embraces the plural) must necessarily be a citizen or citizens of another State than that of plaintiff or plaintiffs. If brought in the district of defendant or defendants no removal can be had, because it is only defendants who are "non-residents" who can remove under clause two, or under clause four, prejudice or local influence not being an independent ground of jurisdiction. But in order that a defendant entitled to remove might not be cut off from the exercise of that right by his co-defendants declining to join in the application, the fourth clause provided that "any defendant" might remove, and out of abundant caution the words were added, "being such citizen of another State," apparently to prevent misconstruction of the words "any defendant," in possible enlargement of the jurisdiction.

The main purpose of the act of 1887 was, as has been repeatedly said, to restrict the jurisdiction, and this was largely accomplished in the matter of removals by withholding the right from plaintiffs and only according it to defendants when sued in plaintiffs' district.

In the present case suit was brought in the plaintiffs' State against Cochran, a citizen of the same State, who was a necessary party, and the Surety Company, a citizen of Maryland. It could not have been brought in the Circuit Court for the

Middle District of Alabama. *Sweeney* v. *Carter Oil Company,* *ante,* p. 252.

And this being so, the case was improvidently removed and should have been remanded.

As the removal was made on the application of the Surety Company, that company must pay the costs of this court and of the Circuit Court.

> *Writ of error dismissed; certiorari granted, record on writ of error to stand as return to certiorari; judgment reversed and cause remanded to Circuit Court with a direction to remand to the state court; costs of this court and of the Circuit Court to be paid by the Fidelity and Deposit Company.*