## MOYER v. CHICAGO, M. & ST. P. RY. CO.

(Circuit Court, W. D. Missouri, W. D. February 18, 1909.)

### No. 3,426.

1. REMOVAL OF CAUSES (§ 12*)—RESTRICTIONS AS TO DISTRICT IN WHICH SUIT MIGHT HAVE BEEN BROUGHT.

Where an action is brought against a corporation in a court of a state, whereof it is not a citizen, by a citizen of another state, such action may not be removed into a federal Circuit Court sitting in the state where the action is brought, unless the plaintiff expressly or impliedly assents to such Circuit Court entertaining jurisdiction.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 32, 33; Dec. Dig. § 12.*]

2. REMOVAL OF CAUSES (§ 12*)—RESTRICTIONS AS TO DISTRICT IN WHICH SUIT MIGHT HAVE BEEN BROUGHT—WAIVER.

The written consent by counsel for a plaintiff to the filing of a general demurrer out of time by the defendant in a federal court after removal of the cause was such a recognition of the jurisdiction of the court over the person of plaintiff as to constitute a waiver of a subsequent plea to the jurisdiction on the ground that neither party was a citizen of the state of suit.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 32, 33; Dec. Dig. § 12.*]

On Plea to Jurisdiction.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Laughlin & Kenworthy, for plaintiff.
Frank Hagerman, for defendant.

POLLOCK, District Judge. This action was brought in the state court by plaintiff to recover from defendant damages for personal injury sustained through the alleged negligence of the defendant while plaintiff was riding on one of its trains as railway postal clerk in the employ of the government.

In due time after the institution of the action, defendant, a corporate citizen of the state of Wisconsin, filed its petition and bond for removal of the controversy into this court. In the petition for removal it is alleged as a ground of federal jurisdiction that plaintiff is, and was at the date of the commencement of this action, a citizen and resident of this state, and the defendant a citizen of the state of Wisconsin. An order of removal was entered in the state court, and transcript duly lodged in this court. Thereafter, and on the 11th day of November, 1908, plaintiff filed in this court its plea to the jurisdiction of the court, wherein it is alleged that plaintiff was at the date of the commencement of this action a citizen of the state of Kansas, and not a citizen of this state, as alleged in the petition for removal, and that defendant is, and was at the date of the commencement of this action, a citizen of the state of Wisconsin. Wherefore, it is pleaded this court is without jurisdiction. Although no answer or reply was filed to this plea by defendant, a stipulation waiving a jury to try the question of fact raised by the plea was filed, and the evidence taken in open court. At the conclusion of the testimony it was found by the court, and so announced, that the plaintiff at the date this action was commenced was a citizen of the state of Kansas, as alleged in the plea, and not a citizen of this state, as charged in the petition for removal. Thereupon the question of law arising on this state of facts was taken under advisement by the court, with leave to counsel for respective parties to file briefs thereon. None have been filed, and the case comes now on for decision on the record and facts found on the trial of the plea.

As the plaintiff at the date of the commencement of the action was a citizen of the state of Kansas, and the defendant a citizen of the state of Wisconsin, it is quite well settled by many decisions of the Supreme Court this action could not have been brought and maintained, under the terms of the present judiciary act, in this court, without the consent of defendant, actual or implied. Shaw v. Quincy Min. Co., 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768; Galveston, etc., Railway v. Gonzales, 151 U. S. 496, 14 Sup. Ct. 401, 38 L. Ed. 248; Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264; In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904. As the case could not have been originally brought in this court by the plaintiff without the consent of defendant, it cannot be removed into this court by defendant without the consent of the plaintiff, for it is quite well settled no case can be removed into a Circuit Court of the United States from a state court unless the case could have been originally brought in such Circuit Court. Cochran v. Mont-

gomery County, 199 U. S. 260, 26 Sup. Ct. 58, 50 L. Ed. 182; Ex parte Wisner, supra; In re Moore, supra; Western Loan Co. v. Butte & Boston Min. Co., 210 U. S. 368, 28 Sup. Ct. 720, 52 L. Ed. 1136. That is to say, although the requisite diversity of citizenship exists to confer jurisdiction on a Circuit Court of the United States, yet, when a transitory action is originally brought in such Circuit Court against a corporate citizen of this country, it must be brought in the judicial district of which such citizen is a resident or inhabitant, and in the state of which it is a citizen, unless it expressly or impliedly consents to the bringing of an action against it in another district or state.

Again, where an action is brought against it in a court of a state, whereof it is not a citizen, by a citizen of a state other than that in which the action is brought, such action may not be removed into a federal Circuit Court sitting in the state where the action is brought, unless the plaintiff expressly or impliedly assents to such Circuit Court entertaining jurisdiction. Ex parte Wisner, supra; In re Moore, supra; Western Loan Co. v. Butte & Boston Min. Co., supra.

However, in all such cases as the requisite diversity of citizenship of the parties exists, a Circuit Court of the United States has complete, original jurisdiction of the subject-matter of the controversy, when the jurisdictional amount is involved, concurrent with that of the courts of the state. The want of jurisdiction is purely personal, and, being personal, may be waived by the person. This is fully demonstrated by Mr. Justice Brewer, delivering the opinion of the court, in Re Moore, supra, arrived at from a review of many decisions of that court. Viewed in this light, it is apparent the plea to the jurisdiction under consideration must be sustained on the facts found, unless the parties by their acts done are found to have waived their right to object to the jurisdiction of this court over their persons.

The petition and bond for removal filed by defendant on which the controversy was transferred from the state court into this court is in the nature of original process (Kinney v. Columbia Savings, etc., Ass'n, 191 U. S. 87, 24 Sup. Ct. 30, 48 L. Ed. 103), and irrevocably thereafter concluded the defendant from raising any question of the jurisdiction of this court over its person. Therefore the only remaining question for decision is, has plaintiff done any act or taken any step in this court, as shown by the record, after removal taken by defendant to this court, which should be construed as a recognition of the jurisdiction of this court over his person, and a waiver of his right to insist on having the case remanded to the state court on his plea? As has been seen, the plea to the jurisdiction of this court was filed November 11, 1908, and as this plea goes exclusively to the question of the jurisdiction of this court over the person of plaintiff, it is obvious nothing therein contained may be considered as a recognition of the jurisdiction of this court thus called into question by the plea. However, as found from an examination of the record on the 7th day of November, 1908, four days prior to the filing of this plea, defendant filed a general demurrer to the petition of plaintiff. This demurrer was interposed by defendant out of time, and could not have been then filed without leave of court or consent of plaintiff's

counsel. Indorsed on this demurrer, in the handwriting of counsel for plaintiff, is found the following language: "This may be filed as of proper date. Laughlin & Kenworthy, Plff. Attys." It is thus seen counsel for plaintiff consented to the making up of an issue of law for the determination of this court, and in recognition of its jurisdiction and right to proceed to trial of the case. It was held in Re Moore, supra, the filing of an amended petition by the plaintiff in the Circuit Court after removal, or stipulating for a continuance of the cause, was such a recognition of the jurisdiction of the federal court by plaintiff, after removal by defendant, as constituted a waiver of the right of plaintiff to object thereto. Therefore I am of the opinion the consent given by counsel for plaintiff to the making up of the issue of law raised in and to be heard by this court on the filing of the demurrer to the petition, in the light of the foregoing case, and the case of Western Loan Co. v. Butte & Boston Min. Co., supra, is such a recognition of the jurisdiction of this court over the controversy removed, and the person of the plaintiff thereto, as will constitute a waiver of the plea thereafter interposed.

For this reason, the plea, although found to be true in point of fact, will be denied as a matter of law. It is so ordered.