### SHAWNEE NAT. BANK v. MISSOURI, K. & T. RY. CO.

(Circuit Court, E. D. Oklahoma. December 13, 1909.).

#### No. 882.

1. REMOVAL OF CAUSES (§ 12*)—GROUNDS—DIVERSE CITIZENSHIP—RESIDENCE.
    Under Removal Act 1887-88 (Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508]) § 1, regulating the removal of causes to the federal court, where a suit is filed by a citizen of one state against a citizen of another state in a court of a state of which neither party is a citizen or resident, the defendant cannot remove the suit to the federal court of the district wherein the suit was instituted over plaintiff's objection.
    [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 33; Dec. Dig. § 12.*
    Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

2. REMOVAL OF CAUSES (§ 95*)—JURISDICTION OF PERSON—CONSENT.
    By removing a cause to the federal court, defendant consents to the assumption of jurisdiction of his person by the court of the particular district to which the cause is removed.
    [Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 95.*]
    Waiver of right as to district in which suit may be brought, see notes to Memphis Savings Bank v. Houchens, 52 C. C. A. 192; McPhee & McGinnity Co. v. Union Pac. R. Co., 87 C. C. A. 634.]

3. REMOVAL OF CAUSES (§ 12*)—JURISDICTION—FEDERAL DISTRICT.
    Under Removal Act 1887-88 (Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508]) § 1, providing for the removal of causes to the federal court, where suit was brought within the Eastern district of Okla-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

homa by a citizen of that state who was a resident of the Western district against a citizen of another state and a nonresident of the Eastern district, it could not be removed by the defendant on the ground of diverse citizenship so as to confer jurisdiction on the federal court within the Eastern district, where neither plaintiff nor defendant resided, over plaintiff's objection, and this though the commencement of the action in the state court within the Eastern district was a device to prevent removal; it appearing that plaintiff had a perfect right to sue defendant there under the state laws.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 33; Dec. Dig. § 12.*]

Action by the Shawnee National Bank against the Missouri, Kansas & Texas Railway Company. On motion to remand. Granted.

J. H. Woods and F. H. Reily, for plaintiff.
Clifford L. Jackson, for defendant.

CAMPBELL, District Judge. On February 23, 1909, the Shawnee National Bank, a banking corporation organized under the national banking laws, and located and doing business at Shawnee, in the Western judicial district of Oklohama, commenced this action against the Missouri, Kansas & Texas Railway Company, a corporation organized under the laws of the state of Kansas, in the district court of Seminole county, Okl., which county is within the Eastern district of the state of Oklahoma. Thereafter, and within the time provided by law, the defendant filed its petition and bond for removal of said cause to this court. On presentation of the application to the judge of the state court, he denied the same, whereupon the defendant secured a transcript of the papers, files, and docket entries, which was filed in this court, and the cause was docketed here. Thereafter the plaintiff filed its motion to remand, which, omitting the caption, reads:

"And now comes the plaintiff, and appearing specially for the purposes of this motion only, and for none other, and moves the court to remand the above-entitled cause to the District Court of the Eleventh district, and for the state of Oklahoma, for the following reasons: First, this court has not jurisdiction to hear and determine this cause: second, that this court is not the proper court to which said action should be removed; third, that this court has no jurisdiction of this action or of the parties to this suit under said attempted removal."

The question is therefore presented: Can a suit commenced in a state court within the Eastern district of Oklahoma by a citizen of Oklahoma and a resident of the Western district thereof against a citizen of another state and a nonresident of this district be removed to this court by the defendant so as to confer jurisdiction to proceed with the cause over the objection of the plaintiff?

Section 1 of the removal act of 1887–88 (Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508]), provides that:

"The Circuit Courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of $2,000, * * * in which there shall be a controversy between citizens of different states, * * * and no civil suit shall be brought before either of said courts against any person by any

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or defendant."

Section 2 of the removal act provides that any suit of a civil nature at law or in equity in which the Circuit Courts of the United States are given jurisdiction by the preceding section, which may be brought in any state court, may be removed into the Circuit Court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that state. Section 3 of the removal act provides that the party entitled to remove a cause may make and file a petition therefor in the state court within the time prescribed by the statute, together with a bond with good and sufficient surety, which petition shall be for the removal of such suit into the Circuit Court, to be held in the district where such suit is pending.

While the earlier decisions of the federal courts are very conflicting, recent decisions of the Supreme Court have done much to settle the questions involved in the construction of this removal act.

In Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, Wisner, a citizen of Michigan, sued Beardsley, a citizen of Louisiana, in the circuit court in and for the city of St. Louis, state of Missouri. Beardsley removed the cause to the United States Circuit Court for that district. Wisner appeared specially in the federal court and moved to remand on the ground that inasmuch as the plaintiff was a citizen and resident of the state of Michigan, and the defendant a citizen and resident of the state of Louisiana, the cause was not one within the original jurisdiction of the court, and hence jurisdiction could not be acquired on removal. The motion was denied. Wisner then filed a petition for mandamus in the Supreme Court, which was granted; the court holding that the cause should have been remanded. In the course of the opinion in the Wisner Case language was used intimating a holding that the federal court would not have acquired jurisdiction even if both parties to the cause had consented. In the case of In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, the court refers to this dictum in the Wisner Case, and holds that, where the cause is within the general jurisdiction of the federal courts, the parties might waive objection to the trial of a cause in a particular circuit court which could not have been commenced originally in such court. Otherwise the holding of the Wisner Case is adhered to. In the Wisner Case it is said:

"Section 3, as amended, provided for petition and bond for the removal of such suit into the Circuit Court to be held in the district where such suit is pending. * * * As it is the nonresident defendant alone who is authorized to remove, the Circuit Court for the proper district is evidently the Circuit Court of the district of the residence of the plaintiff."

In the Wisner Case and subsequent decisions the Supreme Court has repeatedly held that, where suit is filed by a citizen of one state against a citizen of another state in a court of a state of which neither party is a citizen or resident, the defendant cannot remove the cause to the federal Circuit Court of the district wherein the suit was instituted, and have it tried there over the objection of the plaintiff.

Does the fact that the plaintiff in the case at bar is a citizen of this state distinguish it from the Wisner Case and kindred cases, regardless of the fact that the suit was instituted neither in the district of the residence of the plaintiff nor the defendant? The general jurisdiction rests upon the diversity of citizenship; that is, upon the fact that the contending parties are citizens of different states. But the particular Circuit Court in which the case may be tried, where the jurisdiction rests alone upon diversity of citizenship, is determined not by a partcular state, but by a particular district, and the test as to whether a suit involving diversity of citizenship may be brought in the Circuit Court in the first instance is whether such court is of the district of the residence of either the plaintiff or the defendant. This suit could not have been originally brought by the plaintiff in this court, for the act provides that such suits shall be brought only in the district of the residence of either the plaintiff or the defendant, and neither the plaintiff nor defendant resides in this district.

In Cochran v. Montgomery, 199 U. S. 260, 26 Sup. Ct. 58, 50 L. Ed. 182, speaking of the removal act of 1887–88, the court says:

"The main purpose of the act of 1887 was, as has been repeatedly said, to restrict the jurisdiction, and this was largely accomplished in the matter of removals by withholding the right from plaintiffs and only according it to defendants when sued in plaintiffs' district."

If, then, in such cases the defendant's right to remove is confined to suits pending in the district of plaintiff's residence, it follows that in this case the defendant cannot remove this cause because it is not sued in such district. The jurisdiction of this court in such cases is statutory, and unless the right to entertain and proceed with a cause over the objection of the plaintiff, and thus prevent its prosecution in the state court, the forum of his choice, and whose jurisdiction is unquestioned, clearly appears from the provisions of the removal act, this court should not assume jurisdiction. By removing the cause to this court the defendant has manifested its consent to the assumption of jurisdiction by this court. If the plaintiff had by any act or proceeding in the cause manifested a like consent, I have no doubt of the right of the court to then proceed with the cause under its general jurisdiction of the subject-matter and the jurisdiction of the parties obtained by consent. But the plaintiff has not consented and by its motion specially appears and objects to the jurisdiction of this court.

It is contended by the defendant that the bringing of this action in the Eastern district is a device to defeat the jurisdiction of this court, and that such devices are not looked upon with favor by the federal courts, citing Wecker v. Enameling & Stamping Co., 204 U. S. 176, 27 Sup. Ct. 184, 51 L. Ed. 430, where it is said:

"While the plaintiff in good faith may proceed in the state courts upon a cause of action which he alleges to be joint, it is equally true that the federal courts should not sanction devices intended to prevent removal to the federal court where one has that right, and ought to be equally vigilant to protect the right, to proceed in the federal court as to permit the state courts in proper cases to retain their own jurisdiction."

In this case the right of the plaintiff to proceed against the defendant in the state court, where the action was commenced, is not ques-

tioned. The defendant, while not a citizen or resident of Seminole county, according to the allegations of the plaintiff's petition, owns and operates a line of railway within said county and has an agent at the town of Konowa, in said Seminole county. Under the laws of this state, therefore, the plaintiff may properly sue the defendant in the state court in Seminole county, and obtain service upon the defendant, clothing the state court with full jurisdiction to proceed with and determine the cause. This being true, it is immaterial, so far as the consideration of the present question in this court is concerned, what motive prompted the plaintiff in commencing the suit in Seminole county, or whether it was a proper or improper one.

In Western Loan Co. v. Butte & Boston Mining Co., 210 U. S. 368, 28 Sup. Ct. 720, 52 L. Ed. 1101, it is said:

"The Circuit Court for the District of Montana was without jurisdiction of the action, because neither of the parties to it was a resident of the district, and the statute requires that, where the jurisdiction is founded on the fact that the parties are citizens of different states, suit shall be brought only in the district where one of them resides. But we have recently held that where diversity of citizenship exists as it does here, so that the suit is cognizable in some Circuit Court, the objection that there is not jurisdiction in a particular district may be waived by appearing and pleading to the merits."

In Matter of Dunn, 212 U. S. 375, 29 Sup. Ct. 299, 53 L. Ed. 558, Mr. Justice Peckham, speaking for the court, had occasion to consider the removal act of 1888. 25 Stat. 433. In this case suit was brought in the district court of Dallas county, Tex., within the Northern district of Texas, jointly against the Texas & Pacific Railway Company and two individual defendants; the railway company being a federal corporation and the individual defendants being residents and inhabitants of the Eastern district of Texas. The defendants removed the case to the Circuit Court for the Northern district of Texas. Motion to remand was filed by plaintiff and overruled by the court. Then plaintiffs applied to the Supreme Court for a rule directing the district judge of the Northern district of Texas and the Circuit Court of that district to show cause why mandamus should not issue, commanding that the case be remanded to the state court, and the rule was accordingly entered. Upon hearing the Supreme Court denied the mandamus, holding that the Circuit Court had jurisdiction; that the railway company, a federal corporation, was a resident of and doing business in the Northern district of Texas; and that, under the provisions of certain acts of Congress relating to federal jurisdiction in Texas, the other defendants could be served in the Eastern district. However, in the course of the opinion, the court said:

"The right to remove, under the statute, depends upon whether the suit could originally have been brought in the Circuit Court of the United States. Traction Co. v. Mining Co., 196 U. S. 239 [25 Sup. Ct. 251, 49 L. Ed. 462]; Cochran v. Montgomery Co., 199 U. S. 260 [26 Sup. Ct. 58, 50 L. Ed. 182]. The question then is whether the United States Circuit Court for the proper district (Northern District of Texas) would have had jurisdiction of a suit commenced in that district by the plaintiffs against the railway company and the two individual defendants."

In re Winn, 213 U. S. 458, 29 Sup. Ct. 515, 53 L. Ed. 873, was a case arising upon application to the Supreme Court for mandamus

upon the Circuit Court for the Southern district of Iowa to enforce the remand of a case to the state court. It was held by the court that the question of diversity of citizenship was not raised by the pleadings, so that the matter rested solely on the question as to whether the case was one arising under the Constitution and laws of the United States. But in the course of the opinion the court said:

"It is well settled that no cause can be removed from a state court to the Circuit Court of the United States unless it could originally have been brought in the latter court. Boston, etc., Mining Co. v. Montana Ore Co., 188 U. S. 632 [23 Sup. Ct. 434, 47 L. Ed. 626]; Ex parte Wisner, 203 U. S. 449 [27 Sup. Ct. 150, 51 L. Ed. 264]. * * * It is said that the petitioner in this case appeared generally in the circuit court for the removal of the case, and thereby waived his right to object to the jurisdiction. In re Moore, 209 U. S. 490 [28 Sup. Ct. 585, 706, 52 L. Ed. 904], is cited in support of the position. But that case simply held that, where there was a diversity of citizenship which gave jurisdiction to some Circuit Court, the objection that there was no jurisdiction in a particular district might be waived by appearing and pleading to the merits, and anything to the contrary said in Ex parte Wisner, 203 U. S. 449 [27 Sup. Ct. 150, 51 L. Ed. 264], was overruled. See Western Loan Co. v. Mining Co., 210 U. S. 368 [28 Sup. Ct. 720, 52 L. Ed. 1101]."

This court has no jurisdiction, either original or upon removal, except that given it by acts of Congress. The Supreme Court has repeatedly held that the purpose of the later acts of Congress relating to such jurisdiction has been to limit rather than to extend the same. While, therefore, the court should not refuse to take jurisdiction in any case where the law clearly confers it, it should not, on the other hand, assume jurisdiction unless it is so conferred.

In the recent case of Mahopulus v. Chicago, Rock Island & Pacific Ry. Co. (C. C.) 167 Fed. 165, the plaintiff, a nonresident alien, had sued the defendant, a corporate citizen of Illinois and Iowa, in the circuit court of Jackson county, Mo. The defendant removed the cause to the Circuit Court for the Western district of Missouri. Plaintiff moved to remand for the reason that, as that was not the district of the residence of the defendant, the suit could not have been originally commenced in such United States Circuit Court, and hence the court had no jurisdiction on removal. Judge Pollock, in sustaining the motion, said:

"It is conclusively settled by authority controlling here that a domestic corporation is both a citizen and inhabitant of that state in which it is incorporated. Shaw v. Quincy Min. Co., 145 U. S. 444 [12 Sup. Ct. 935, 36 L. Ed. 768]; Southern Pacific Ry. Co. v. Denton, supra [146 U. S. 202, 13 Sup. Ct. 44, 36 L. Ed. 942]; Galveston, etc., Ry. Co. v. Gonzales, supra [151 U. S. 496, 14 Sup. Ct. 401, 38 L. Ed. 248]. Therefore, as removing defendants are domestic corporate citizens of the state of Illinois, Congress has expressly prohibited the process of this court from running against them to bring them in here, although they may under state laws be brought before the courts of this state, and notwithstanding the further fact that, they finding a suit here pending against them in its nature such as this court has general original jurisdiction to consider, they may waive the personal exemption conferred on them by the act and come in and litigate here. By the express provision of the removal act all but a certain clearly defined class are precluded from invoking the privilege thereby conferred. And, as has been seen, it expressly limits the right of removal by any defendant to that class of cases which might have been originally brought in the court to which the cause is attempted to be removed. That is to say, as related to this present controversy, before the right of removal shall obtain to defendant at all, it must appear plaintiff could have

originally brought her action in this court had she so desired. As has been seen, the privilege of plaintiff to have brought her action originally in this court is coupled with a condition that defendants should consent thereto. Over this condition plaintiff has no control, and this court no power. Beyond question, had she attempted to so have done, removing defendants by the simple act of disobeying the process of this court in her cause could have forever put it beyond the power of this court to proceed with her case against them, because this court is prohibited from causing such process to issue. In view of this condition of the law, she sought the state forum where she could under its forms compel attendance by defendants and compliance with its mandates. Defendants being thus pursued in a forum where they must appear, and the orders of which they must obey, by the petition and bond for removal filed therein have invited plaintiff to litigate her cause with them in this forum, in which she could not have compelled their attendance. To this invitation she declines her consent, preferring as shown by her motion to remand, to proceed with her controversy where she began it. This, I think, she may do. It may be contended the conclusion reached will preclude the removal of any action brought by an alien in any state court into a federal court for trial. This may be conceded to be true; for, as has been so often said by the Supreme Court, construing the present judiciary act, 'The whole purport and effect of that act was not to enlarge, but to restrict and distribute, jurisdiction.' Shaw v. Min. Co., supra. And, as said before, Congress under constitutional power created all federal courts inferior to the Supreme Court, and conferred on such courts their jurisdiction and power. Within the constitutional limitation, it may grant the exercise to such courts of just so much or so little judicial power as in its wisdom it may deem fit."

See Moyer v. C., M. & St. P. R. Co. (C. C.) 168 Fed. 105.

After a review of the authorities, it is my conclusion that in a case removed to this court from a state court, upon the ground solely of diversity of citizenship, where it appears that neither the plaintiff nor the defendant is a resident of this district, although the plaintiff may be a citizen of the state and a resident of another district in the state, this court is without jurisdiction to proceed with the case over the timely interposition of plaintiff's objection thereto, where he has neither by express consent nor by any act amounting to consent waived the jurisdictional question. It is true this cause involves such diversity of citizenship as to be within the general jurisdiction of United States Circuit Courts, but, this not being the district of the residence of either the plaintiff or defendant, it could not have been brought originally in this court, and under the authorities quoted cannot therefore be proceeded with by this court on removal from the state court over the timely objection of the plaintiff. This objection the plaintiff may waive, and submit himself to the jurisdiction, whereupon, having general jurisdiction of the subject-matter, and having by consent acquired jurisdiction of the parties, this court could proceed with the cause. But in this case the plaintiff has not consented, but objects to the jurisdiction and moves to remand the case, which motion must therefore be sustained.

Let an order be entered remanding this cause to the state court.