## IVANOFF v. MECHANICAL RUBBER CO.

(District Court, N. D. Ohio, E. D. February 11, 1916.)

No. 9229.

1. REMOVAL OF CAUSES ⊂⇒11—CAUSES REMOVABLE—"JURISDICTION"—"THIS TITLE."

Judicial Code (Act March 3, 1911, c. 231) § 28, 36 Stat. 1094 (Comp. St. 1913, § 1010), authorizes the removal into the District Court of the United States for the proper district by nonresident defendants of suits of a civil nature of which the District Courts of the United States are given jurisdiction by "this title," which includes the entire Judicial Code. Section 51 (section 1033) provides that, except as provided in the following sections, no civil suit shall be brought in any District Court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, but that, where the jurisdiction is founded only on diverse citizenship, suit shall be brought only in the district of the residence of either the plaintiff or the defendant. *Held,* that an action by a nonresident alien against a New Jersey corporation cannot be removed from an Ohio state court to the District Court for the Northern District of Ohio, as "jurisdiction" is authority to hear and determine a cause, and section 51 places the right to hear and determine such case as much beyond the authority of such District Court as if it was excluded by the section defining the jurisdiction of District Courts.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 29–31; Dec. Dig. ⊂⇒11.

For other definitions, see Words and Phrases, First and Second Series, Jurisdiction.]

2. REMOVAL OF CAUSES ⊂⇒11—CAUSES REMOVABLE.

Only cases within the original jurisdiction of the District Court are removable from state courts.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 29–31; Dec. Dig. ⊂⇒11.]

At Law. Action by Todor Ivanoff against the Mechanical Rubber Company. On motion to remand. Motion sustained.

Payer, Winch & Rogers and E. P. Strong, all of Cleveland, Ohio, for plaintiff.

Reed, Eichelberger & Nord, of Cleveland, Ohio, for defendant.

CLARKE, District Judge. [1] This cause was commenced in the court of common pleas of Cuyahoga county. The plaintiff is an alien; the defendant is a corporation organized under the laws of the state of New Jersey. Within the time prescribed by statute, the defendant filed a petition for removal to this court, and before taking any other action in the case the plaintiff filed a motion to remand the cause to the state court.

Removal of cases from state to United States courts is provided for in sections 28 to 39, inclusive, of the Judicial Code, and the clause of section 28 applicable to this case reads as follows:

"Any other suit of a civil nature, at law or in equity, of which the District Courts of the United States are given jurisdiction by this title, and which

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

are now pending or which may hereafter be brought in any state court, may be removed into the District Court of the United States for the proper district by the * * * , defendants therein, being nonresidents of that state."

"This title" in the above clause includes the entire Judicial Code, approved March 3, 1911, but the essential reference is to section 24. The plaintiff being an alien and the defendant a nonresident of this district, because organized under the laws of New Jersey, this case could not have been commenced in this court. Galveston, etc., Ry. v. Gonzales, 151 U. S. 496, 14 Sup. Ct. 401, 38 L. Ed. 248.

[2] Only cases within the original jurisdiction of the District Court are removable from state courts. Cochran v. Montgomery County, 199 U. S. 260, 26 Sup. Ct. 58, 50 L. Ed. 182, 4 Ann. Cas. 451. Thus the question for decision becomes: Can this court acquire jurisdiction by removal, when it would not have had original jurisdiction if the same case had been commenced in this court?

The distinction which some courts have drawn between the jurisdiction of district courts as defined in section 24, and as the scope of that jurisdiction as modified by the venue sections, especially by section 51 of the Judicial Code, holding that jurisdiction is given by section 24 over cases which cannot be commenced in District Courts under section 51 seems to this court illusory and misleading.

Jurisdiction has been authoritatively defined as "authority to hear and determine a cause." Daniels v. Tearney, 102 U. S. 418, 26 L. Ed. 187; Simmons v. Saul, 138 U. S. 454, 11 Sup. Ct. 369, 34 L. Ed. 1054. And it is dealing with words rather than with realities to say that section 24 gives to this court jurisdiction over a cause which section 51 declares shall not be commenced in this court. The right to hear and determine the case is placed as much beyond the authority of the court by the venue sections as it would be if section 24 were so narrowed as clearly to exclude it.

The conviction that the fact that this cause could not have been commenced in this court places it beyond the jurisdiction of this court for purposes of removal leads me to agree with Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, and with Mahopoulus v. Chicago, etc., Ry. Co. (C. C.) 167 Fed. 165, and Sagara v. Chicago, etc., Ry. Co. (C. C.) 189 Fed. 220, rather than with those decisions which frankly disagree with the conclusions of the Wisner Case, or which distinguish away its authority to the vanishing point.

Therefore the motion to remand will be sustained.