## CITY OF ST. ANTHONY v. MASON et al.

District Court, D. Idaho, E. D. November 1, 1927.

### No. 655.

1. Municipal corporations ⬡═173(1)—Surety is not liable on undertaking with city treasurer, unless treasurer is liable also.

Under joint and several undertaking by city treasurer and surety company to pay over to city all money or other property coming into treasurer's hands, principal and surety are jointly and severally liable to city, and surety company cannot alone be held responsible on bond, unless treasurer is liable also.

**2. Removal of causes ⊕⇒49(2)—Action by city against city treasurer and surety company on joint and several bond held not removable as separable controversy.**

Action by city against city treasurer and surety company on joint and several bond, indemnifying city for moneys coming into treasurer's hands, *held* single controversy, not properly removable to federal court, where plaintiff and one defendant were residents of same state.

**3. Municipal corporations ⊕⇒173(5)—City has election to sue officer and surety jointly on bond providing for joint and several liability.**

City, to whom indemnity bond is given by officer and surety company, providing for joint liability, has election to bring joint action thereon, and, in absence of charge of fraudulent joinder, surety cannot require that action shall be several.

**4. Removal of causes ⊕⇒48—Suit cannot be removed to federal court as separable controversy, unless complaint sets forth several causes of action, one of which is wholly between citizens of different states.**

Suit cannot be removed from state to federal court on ground of separable controversy, unless complaint sets forth several causes of action, one of which is wholly between citizens of different states.

At Law. Action by the City of St. Anthony against Fred H. Mason and another, begun in the state court and removed to the District Court of the United States. On motion to remand. Motion granted.

H. G. Harris and F. L. Soule, both of St. Anthony, Idaho, for plaintiff.

Holden & Coffin, of Pocatello, Idaho, for defendant Ætna Casualty & Surety Co.

CAVANAH, District Judge. This suit was filed in the state court, where a petition for removal to this court was granted. The jurisdiction of this court is challenged by a motion to remand, upon the ground that the complaint does not disclose a separable controversy, nor is there a diversity of citizenship as between the plaintiff and all of the defendants.

The facts alleged, which appear on the face of the complaint and not disputed, so far as necessary to be stated on this motion, are that the plaintiff, a municipal corporation of the state, brings this suit against the defendant Mason, a resident of the state, and the defendant Ætna Casualty & Surety Company, upon a bond furnished by the defendants to the city, in which the defendant Mason, as principal, and the surety company, as surety, jointly and severally obligated themselves for the faithful performance of the official duties of Mason as treasurer of the city, and to account for any pay over to the city all moneys or other property that may come into his hands as such treasurer. While this bond was in force, the First National Bank of St. Anthony, which had not been designated as a depository of city funds, and after the treasurer had deposited certain moneys of the city therein, suspended payment and closed its doors because of its insolvency.

[1] The charge is made that such deposit was unlawful, and made in violation of the official duties of the treasurer. The bond involved here is an official one of the treasurer and the Ætna Surety Company is the surety thereon. In it they both undertook and agreed to account for and pay to the city all moneys coming into the custody of its treasurer. It was a joint and several undertaking, and both are liable to the city thereon by its terms and the statute under which it was given. The surety company cannot alone be held responsible on the bond, unless the treasurer is liable also. Cochran v. Montgomery County, 199 U. S. 260, 26 S. Ct. 58, 50 L. Ed. 182.

[2, 3] There is here but a single controversy, and that is the recovery of city funds, which both the treasurer and the surety have, by the terms of the bond, agreed to account for at all times. That is the main purpose of the action. The subject-matter of the suit is the same as to both of the defendants, as only one debt is involved, and the cause of action is one and the same. The city had a right to proceed against either of the defendants by a separate suit, or join them in one action. If the defendant surety company has a right of removal, then the city may be compelled to divide its cause of action and bring two suits, instead of one, for the recovery of the same money. This would annul the provision of the bond providing for a joint liability. The city has a right, under the terms of the bond, to treat it and sue on it as a joint bond. Hyde v. Ruble, 104 U. S. 408, 26 L. Ed. 823, and Guarantee Co. of North America v. Mechanics' Sav. Bank & Trust Co. (C. C. A.) 80 F. 766. In the case of Mutual Reserve Fund Life Ass'n et al. v. Farmer (C. C. A.) 77 F. 929, the rule is thus stated: "In an action against a principal and his surety on a bond, note, or other obligation, there is no separable controversy, such as will entitle one of the defendants to remove the case when he and plaintiff are citizens of different states."

[4] We have here a cause of action based upon a bond providing for a joint liability of the defendants, which requires the application of the principle, recognized by repeated adjudications, that a suit cannot be

removed from a state court to a federal court on the ground of a separable controversy unless the complaint sets forth two or more causes of action, one of which is wholly between citizens of different states. Barney v. Latham, 103 U. S. 205, 26 L. Ed. 514; Pirie v. Tvedt, 115 U. S. 41, 5 S. Ct. 1034, 1161, 29 L. Ed. 331; Ayres v. Wiswall, 112 U. S. 187, 5 S. Ct. 90, 28 L. Ed. 693. The plaintiff has elected to bring a joint action, which it had a right to do, upon the bond, providing for a joint liability of the defendants, and the defendant surety has no right, where no charge of fraudulent joinder is made, to say that the action shall be several, when the plaintiff elects to make it joint. Torrence v. Shedd, 144 U. S. 527, 12 S. Ct. 726, 36 L. Ed. 528; Chesapeake & Ohio R. Co. v. Dixon, 179 U. S. 131, 21 S. Ct. 67, 45 L. Ed. 121; German-American Merc. Bank v. Gas Service Corp. of America et al. (D. C.) 228 F. 827.

There being no separable controversy existing here, and the plaintiff and the defendant Mason being residents and citizens of the same state, no diversity of citizenship appears as between the plaintiff and all of the defendants, and therefore this court is without jurisdiction.

The motion to remand is granted.